A98A1806. BROWN v. THE STATE.
(511 SE2d 276)

JOHNSON, Chief Judge.

Gregory F. Brown appeals his conviction of voluntary manslaughter.

1. Citing *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), Brown contends that the trial court gave the jury an impermissible instruction on the element of intent. This enumeration of error is without merit. In *Sandstrom*, the Supreme Court held that a charge was unconstitutional because the jury may have interpreted a presumption referred to in the charge as either mandatory or as shifting the burden of proof of a material element of the crime to the defendant. See generally *Bridges v. State*, 268 Ga. 700, 706 (2) (f) (492 SE2d 877) (1997); *Wilson v. Zant*, 249 Ga. 373, 380-381 (3) (290 SE2d 442) (1982), rev'd on other grounds, *Morgan v. State*, 267 Ga. 203, 204 (2) (476 SE2d 747) (1996).

The charge at issue is as follows: "Now members of the jury, you may infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of that person's intentional acts. And if a person of sound mind and discretion intentionally and without justification uses a deadly weapon or instru-

mentality in the manner in which the weapon or instrumentality is ordinarily used and thereby causes the death of a human being, you may infer the intent to kill. Whether or not you make such inference is a matter solely within the discretion of the jury."

Except for the last sentence, the contested charge is nearly identical to a suggested charge that was expressly approved in *Hosch v. State*, 246 Ga. 417, 420 (3), n. 2 (271 SE2d 817) (1980). We find *Hosch* is controlling. Moreover, examining the language of the contested charge in light of the court's other charges as to presumption of innocence, burden of proof, criminal intent as an essential element, and reasonable doubt, we find that the charge would not create a mandatory inference or presumption in the minds of the jury, but only a rational permissive inference. The charge was not erroneous. See *Isaacs v. State*, 259 Ga. 717, 734 (35) (b) (386 SE2d 316) (1989); *Hosch*, supra at 420 (3).

Brown's reliance on *Bridges*, supra, and *Trenor v. State*, 252 Ga. 264, 265 (3) (313 SE2d 482) (1984), is misplaced. Neither of these cases involved charges substantially similar to the charge in this case.

2. Brown asserts that the trial court erred by omitting the "forcible felony" language, found in OCGA § 16-3-21, in its justification charge to the jury. We do not find this argument persuasive.

The trial court's charge included the following: "A person is justified in using force which is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily injury to himself." The trial court omitted from the end of this charge the words, "or to prevent the commission of a forcible felony." See OCGA § 16-3-21 (a). The trial court further instructed the jury that: "One who is not the aggressor is not required to retreat before being justified in using such force which is likely to cause death or great bodily harm if one reasonably believes such force is necessary to prevent death or great bodily harm to himself. It is not essential to justify homicide that there should be an actual assault made upon the defendant. Threats accompanied by menaces, though the menaces do not amount to an actual assault, may in some instances be sufficient to arouse a reasonable belief that one's life is in imminent danger or that one is in imminent danger of great bodily harm." This charge is not enumerated as error.

Brown argues that there exists some evidence that he was defending himself as a result of a forcible felony, that is, an assault and battery. Brown testified that after he told the victim that it was not a good thing to sell cocaine to children, the victim grabbed him from behind, slammed him into a wall, and put his hands around Brown's neck. Brown backed up and the victim came at him again.

Brown then fired a warning shot near the victim's feet but the victim jumped on Brown and the two wrestled for control of the gun. During a prolonged struggle, the gun "went off again." At the time the gun discharged, Brown had his hand on the gun, but the victim had his hand on Brown's hand. Brown was unaware that the victim had been shot and the struggle continued until Brown's brother arrived and convinced the victim to let go of the pistol. Because Brown did not testify that he fired the fatal shot to prevent the commission of a forcible felony against him, this legal concept was not reasonably raised by the evidence.

Additionally, had the omitted language been charged, it reasonably could have confused the jury as to whether Brown was entitled to use deadly force without believing that his life was in imminent danger or that he was in imminent danger of great bodily harm, merely because he was initially assaulted and battered by the victim. The trial court can decline to give a charge that is misleading, confusing, or not adequately raised or authorized by the evidence. *Brown v. State*, 232 Ga. App. 787, 790 (1) (d) (504 SE2d 452) (1998); see also *Selman v. State*, 267 Ga. 198, 201 (5) (475 SE2d 892) (1996).

3. The record reveals that during their deliberation, the jury requested to be recharged as to voluntary manslaughter. The trial court gave the requested recharge but did not recharge on the defense of justification as requested by Brown. However, the trial court stated it was willing to recharge on other legal principles if the jury so requested. Following the recharge, the jury foreman confirmed that the recharge on voluntary manslaughter was what the jury had requested, and a juror twice stated that the charge on voluntary manslaughter was "what we wanted to hear." Nevertheless, Brown contends that the trial court erred in not recharging on the legal theory of justification. This contention is without merit.

It is in the trial court's discretion whether to give unrequested additional instructions when the jury requests a recharge on a particular point. *Ross v. State*, 231 Ga. App. 506, 508 (2) (499 SE2d 351) (1998); see *Bowley v. State*, 261 Ga. 278, 280 (3) (404 SE2d 97) (1991). Examining both the original charges and the recharge in their entirety, we conclude that the trial court did not abuse its discretion in only charging as to voluntary manslaughter, as requested by the jury. See *Williams v. State*, 249 Ga. 6, 9 (5) (287 SE2d 31) (1982); *Null v. State*, 261 Ga. 180, 181 (2) (402 SE2d 721) (1991).

4. Brown's final contention is that there is insufficient evidence to support his conviction of voluntary manslaughter.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and the appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine

witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Bierria v. State*, 232 Ga. App. 622, 624 (1) (502 SE2d 542) (1998).

Brown's justification defense in essence was that the victim attacked him and the gun discharged during the ensuing struggle. At that time, he was not aware that the victim had been shot.

Brown further testified that although he had only known the victim for two weeks, considered him to be a rowdy person, was afraid of him, and knew the victim sold drugs, he went over to the victim's house that morning to invite him to a cookout at Brown's relative's house. He had his pistol in his back pocket. He carried the pistol because it was a rough area and there were violent drug dealers in the area. The victim did not have a gun or knife; only Brown had a weapon.

Prior to trial, Brown told a special agent that the victim possibly attacked him because the victim had used cocaine the night before. Brown did not claim that he was attacked after he cautioned the victim about selling drugs. The special agent did not recall Brown claiming that he had pointed or discharged the weapon near the victim's feet and that the victim kept coming and grabbed the gun.

The state introduced evidence that the victim's death was caused by a bullet fired from Brown's gun. The pistol was in working order and would not discharge accidentally. Brown's gun was of a type that would deposit soot on a target closer than six inches and would deposit burned and unburned gunpowder on a target within three feet. It would cause "stippling" on skin if fired from a distance between 12 to 18 inches. A medical examiner found no soot on the victim or stippling of his skin. Gunshot residue could not be seen by visual examination of the victim's shirt. The entrance wound of the bullet was in the victim's chest and underneath his arm. There was no soot, tattooing or other firearm related injury to either of the victim's hands.

Although Brown testified he had never shot his pistol or any other pistol before this incident, a witness for the state testified that Brown once maliciously shot the witness' automobile with a pistol.

In this case, the jury had before it direct testimony by Brown and direct and circumstantial evidence presented by the state. The jury could infer from Brown's testimony that he was engaged in a confrontation with the victim and that the victim was shot during the course of that confrontation by a bullet fired from Brown's pistol. It was for the jury to determine how and why this weapon was fired and, if Brown intentionally shot the victim, whether that shooting was justified. A jury has unlimited discretion to accept a defendant's testimony as a whole, to reject it as a whole, or to accept it in part and

reject it in part. See *Wilson v. State*, 214 Ga. App. 378, 380 (2) (447 SE2d 709) (1994). It is clear that the jury rejected Brown's testimony at least in part.

Even assuming without deciding that this jury based its finding of guilty solely on circumstantial evidence, we are satisfied that there exists sufficient evidence to support Brown's conviction. To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987). Under this rule, the state is not required to remove every possibility of innocence of the crime charged. *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769) (1994). The jury rationally could have found that the evidence excluded every reasonable hypothesis except that of the defendant's guilt of voluntary manslaughter. Id. at 699. Moreover, our review of the transcript reveals ample evidence from which the jury could have found beyond a reasonable doubt that appellant was guilty of the offense of voluntary manslaughter. *Jackson v. Virginia*, supra.

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED FEBRUARY 1, 1999.

*Salter & Shook, Mitchell M. Shook, Jason A. Craig*, for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.