## S99A1647. GOFORTH v. THE STATE.
### (523 SE2d 868)

CARLEY, Justice.

Eugene Goforth shot and killed David Slaughter. At the time of the homicide, Slaughter was in the bedroom of his own home engaging in an act of consensual sex with his former wife, Johnette Slaughter. Prior to her reconciliation with Slaughter, Ms. Slaughter was romantically involved with Goforth and, at one point, she was engaged to marry him. There was a history of bad blood between Goforth and Slaughter over Ms. Slaughter's affections. A short time before the homicide, a confrontation between the two ended with Slaughter shooting Goforth, and Goforth had threatened to kill Slaughter if he ever caught the former spouses together. On the night of the shooting, Goforth received information that Ms. Slaughter was at her ex-husband's home. Goforth armed himself, put on a camouflage outfit, and drove to Slaughter's residence but parked some distance away. He then cut the telephone line and the transmission line in Ms. Slaughter's car, and spied on the Slaughters for some hours. When the two began having sexual relations, Goforth fired through the bedroom window and shot Slaughter in the chest. The jury found Goforth guilty of numerous offenses, including alternative counts of the malice or felony murder of Slaughter, and the commission of an aggravated assault against Ms. Slaughter. With regard to the homicide, the trial court entered a judgment of conviction and life sentence only on the verdict finding Goforth guilty of malice murder, thereby vacating the felony murder count by operation of OCGA § 16-1-7. *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993).

After denial of his motion for new trial, Goforth brings this appeal.[1]

1. Goforth raises a general grounds objection to his conviction for the malice murder of Slaughter, contending that he is guilty only of voluntary manslaughter. Voluntary manslaughter requires some evidence that the defendant acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . . ." OCGA § 16-5-2 (a). A spouse's adulterous conduct can serve as sufficient provocation to reduce a homicide from murder to voluntary manslaughter. *Strickland v. State*, 257 Ga. 230, 231 (2) (357 SE2d 85) (1987). The rationale of *Strickland* also applies where, as here, the accused is not married to one of the parties caught in the compromising situation. Although the evidence was sufficient to authorize a finding of voluntary manslaughter, it did not demand such a finding. Based upon all of the evidence, the jury was authorized to find that Goforth shot to avenge himself against Slaughter's past acts, rather than as the result of any present provocation resulting from the Slaughters' reconciliation. Even where a spouse claims sexual jealousy as the provocation for a killing, "it is generally a question for a jury to determine whether the special facts of a case before them meet the standard set by law. It is for them to say whether the slayer acted from passion or revenge." *Campbell v. State*, 204 Ga. 399, 403 (1) (49 SE2d 867) (1948). Construing the evidence most strongly against Goforth, a rational trier of fact was authorized to find proof beyond a reasonable doubt that he was guilty of the malice murder of Slaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Because the valid malice murder conviction operates to vacate the felony murder count by operation of law, we need not consider the sufficiency of the evidence as to that alternative charge. *Tiller v. State*, 267 Ga. 888, 890 (2) (485 SE2d 720) (1997), overruled on other grounds, *Dunagan v. State*, 269 Ga. 590, 593 (2) (a), fn. 3 (502 SE2d 726) (1998).

3. Goforth contends that, as a matter of law, the jury cannot find him guilty of aggravated assault upon Ms. Slaughter, because she did not become aware of the shot until after it struck her ex-husband. "Where the 'assault' at issue consists of an attempt to commit a violent injury to the person of another, awareness on the part of the vic-

---

[1] The crimes occurred on May 7, 1998. The grand jury returned its indictment on June 8, 1998. The jury found Goforth guilty on November 4, 1998 and, on that same day, the trial court entered its judgments of conviction and imposed the sentences. Goforth filed a motion for new trial on November 20, 1998 and, on July 1, 1999, the trial court denied that motion. Goforth filed a notice of appeal on July 16, 1999, and the case was docketed in this Court on August 5, 1999. Goforth submitted this appeal for decision on September 27, 1999.

tim is not an essential element of the crime. [Cits.]" *Tiller v. State*, supra at 890 (3). Under the evidence, when Goforth fired the gun, he was, in effect, aiming at both of the Slaughters, "and his deliberate act . . . can be found to have included an intent to injure those at whom he aimed, even if in his anger he totally ignored [Ms. Slaughter's] presence in the line of fire. The attempt was general, not isolated." *Jordan v. State*, 214 Ga. App. 598, 601 (2) (448 SE2d 917) (1994), overruled on other grounds, *Dunagan v. State*, supra. Therefore, construing the evidence in favor of the verdict, the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Goforth was guilty of committing aggravated assault upon Ms. Slaughter. *Jackson v. Virginia*, supra.

4. In addition to the malice murder of Slaughter and the aggravated assault against Ms. Slaughter, the jury convicted and the trial court sentenced Goforth for the following offenses: possession of a firearm during the commission of a crime; simple battery; damaging property of a public utility; and criminal trespass. Because no enumeration of error relates to any of those additional convictions, they present nothing for appellate review.

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 15, 1999.

*Rodney L. Mathis,* for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General,* for appellee.