## S03A0284. BRINSON v. THE STATE.
### (581 SE2d 548)

SEARS, Presiding Justice.

Appellant Christopher Darrell Brinson appeals his conviction for murder,[1] alleging that numerous errors were committed by the trial

---

[1] The crime occurred on July 7, 2000, and appellant was indicted on August 3, 2001, for malice murder and felony murder with aggravated assault as the underlying felony. Trial was held March 11-14, 2002. Appellant was found guilty on both counts and was sentenced to life in prison for malice murder, with the felony murder conviction being vacated by operation of law. Appellant filed a new trial motion on March 19, 2002, which was subsequently amended and then denied on June 12, 2002. Appellant timely filed a notice of appeal on July 8, 2002. The appeal was docketed on October 30, 2002, and submitted for decision without oral argument on December 23, 2002.

court and that his trial counsel was ineffective. Having reviewed the record, we conclude that appellant's claims of error are meritless. Therefore, we affirm.

The evidence of record shows that in July 2000, using his own gun, appellant shot and killed his girlfriend. The murder occurred in appellant's Cobb County apartment. After the shooting, appellant drove to his mother's home in Dublin, Georgia, leaving the murder weapon behind in the apartment. Shortly thereafter, appellant voluntarily surrendered to the Laurens County Sheriff and confessed to the killing. Appellant claimed he shot the victim after she berated him for his sexual inadequacies, informed him she was seeing another man and said she was ending their relationship.

1. Contrary to appellant's claim, the evidence did not mandate a finding that the killing was committed in the heat of passion so that appellant could only be guilty of voluntary manslaughter. Evidence showed that at different times before the killing, appellant had threatened the victim with a gun and told her that he would kill her if she ever attempted to leave him, attacked her physically by shoving her into a wall hard enough to leave a hole in the sheetrock, and had become upset when the victim purchased her own car (which appellant apparently construed to mean the victim was leaving him). While appellant claimed he shot the victim because he "lost control of his senses" due to her taunting, "it is generally a question for the jury to determine whether . . . the slayer acted from passion,"[2] rather than with malice. Regardless of whether the evidence might have authorized a finding of voluntary manslaughter, the evidence by no means demanded such a finding. Based upon all of the evidence, the jury was authorized to conclude beyond a reasonable doubt that appellant is guilty of malice murder.[3]

2. The trial court did not abuse its discretion in admitting the victim's out-of-court statements to her friend, Cook, under the necessity exception to the rule prohibiting hearsay evidence.[4] The hearsay testimony complained of concerned the victim's statements to Cook about appellant's treatment of her and about her intention on the day of the killing to end her relationship with appellant. The victim and Cook had known each another for one year, having met while working together for the same company. They then simultaneously changed jobs in order to both go work for a different company. During their daily discussions, the victim unhesitatingly discussed with

---

[2] *Goforth v. State*, 271 Ga. 700, 701 (523 SE2d 868) (1999).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We need not consider the sufficiency of the evidence to support the alternative felony murder charge. *Goforth*, 271 Ga. at 701.

[4] See OCGA § 24-3-1 (b).

Cook the intimate details of her relationship with appellant as well as a number of other personal matters. While driving to appellant's apartment on the night of the murder, the victim telephoned Cook to say that, against Cook's advice, she had decided to visit appellant at his home.

We conclude that the "necessity" of admitting Cook's hearsay testimony was established because the declarant was deceased,[5] and because the testimony was more probative on the issues of motive and intent than other evidence offered at trial.[6] Moreover, the evidence of record shows that the relationship between Cook and the victim was very close and that the victim placed a great deal of trust in Cook, even going so far as to seek her advice about whether she should acquiesce to appellant's request that she visit him on the night of the murder. Accordingly, the record demonstrates that Cook and the victim were more than mere acquaintances,[7] and under the circumstances of this case, we conclude there were sufficient guarantees of trustworthiness to warrant the admission of Cook's hearsay testimony under the necessity exception.[8]

3. The trial court did not err by denying appellant's motion in limine to exclude evidence that when searching his apartment after the murder, in addition to the murder weapon, police officers found two other handguns. Appellant's motion urged that evidence of the other two guns' existence was without probative value and would improperly place appellant's character at issue. When giving his initial statement after his arrest, in addition to describing the details of the victim's killing, appellant stated that upon searching his apartment, police would find the two guns hidden in a shoe box. Thus, the guns' discovery was relevant to the accuracy of appellant's initial statement, parts of which he later contradicted. Moreover, we have held that gun ownership does not, in and of itself, impute bad character.[9]

---

[5] *Mallory v. State*, 261 Ga. 625, 627 (409 SE2d 839) (1991).

[6] See *Slakman v. State*, 272 Ga. 662, 667 (533 SE2d 383) (2000).

[7] See *Mallory*, 261 Ga. at 628.

[8] See *Ward v. State*, 271 Ga. 648, 650 (520 SE2d 205) (1999). See also *Gissendaner v. State*, 272 Ga. 704, 711 (532 SE2d 677) (2000) ("the circumstances [which demonstrate] the reliability of (hearsay) statements will vary depending on the nature of the statements, [and therefore,] the determination of trustworthiness is inescapably subjective"); *McCulley v. State*, 273 Ga. 40, 41-42 (537 SE2d 340) (2000) (whether guarantees of trustworthiness exist is determined by the totality of the circumstances, and the trial court exercises its discretion in resolving the issue). We note that appellant's claim that the trial court erred by admitting hearsay testimony offered by another witness concerning appellant's prior acts of violence toward the victim is waived on appeal due to the failure to contemporaneously object to the evidence at trial. *Roseberry v. State*, 274 Ga. 301, 303-304 (553 SE2d 589) (2001); *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806) (1997).

[9] *Davis v. State*, 272 Ga. 327, 329 (528 SE2d 800) (2000).

4. The trial court did not err by denying appellant's request to include voluntary manslaughter on the verdict form.[10] Moreover, we note that the trial court instructed the jurors that during their deliberations, they should determine whether mitigating evidence presented by appellant would reduce the murder charges lodged against him to voluntary manslaughter.

5. We have considered appellant's remaining enumerations and conclude they are without merit.[11]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2003.

*Derek H. Jones*, for appellant.

*Patrick H. Head, District Attorney, Richard H. Kimberly, Jr., Amelia G. Pray, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.

---

[10] *Parker v. State*, 226 Ga. App. 462, 465 (486 SE2d 687) (1997).

[11] These include appellant's claims that the trial court erred by failing to grant a mistrial sua sponte following an emotional outburst from a courtroom spectator; that the trial court erred in its jury charges on bare suspicion, aggravated assault and voluntary manslaughter; and that trial counsel was ineffective for failing to move for a mistrial following the emotional outburst mentioned above, for failing to object to certain opinion testimony, and for failing to object to the jury charge on voluntary manslaughter.