## S03A1392. WALKER v. HOUSTON.
### (588 SE2d 715)

CARLEY, Justice.

Freddie Houston was tried before a jury in Thomas County, and found guilty of two counts of armed robbery and two additional counts of robbery. At trial, the State introduced evidence that Houston committed a robbery in Florida. Trial counsel continued to represent Houston on appeal, and he enumerated as error the trial court's admission of the "other crimes" evidence. The Court of Appeals affirmed, holding that the failure of Houston's attorney "to object to the introduction of such evidence at trial . . . waived this issue. . . . [Cit.]" *Houston v. State,* 242 Ga. App. 300, 302 (1) (529 SE2d 431) (2000).

Acting pro se, Houston filed a petition for a writ of habeas corpus and asserted the ineffectiveness of his trial counsel. After conducting a hearing, the habeas court granted relief, concluding that the attorney's failure to object to evidence of the Florida robbery "fell below an objective standard of reasonableness" and that the "decision to not object prejudiced [Houston] such that this issue was not examined on appeal." The Warden appeals from the order setting aside Houston's convictions.

1. To prevail, Houston was required to show that counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The habeas court's determination that he made both of those showings must be affirmed, unless we conclude that its "factual findings are clearly erroneous or are legally insufficient to show ineffective assistance of counsel. [Cit.]" *Head v. Thomason,* 276 Ga. 434, 436 (1) (578 SE2d 426) (2003). In reviewing the habeas court's order, this Court is not required to address the two elements in any particular order "or even to address both components if the defendant has made an insufficient showing on one." *Lajara v. State,* 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

Turning first to the prejudice prong," '[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment.' [Cit.]" *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Here, the habeas court stated that it was setting aside Houston's convictions "because the Court of Appeals did not examine [the] critical evidentiary ruling, [and that] is enough to find prejudice." However, the fact that the Court of Appeals did not review the issue shows only the potential for prejudice. To satisfy the prejudice prong, Houston was required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the *result of the proceeding* would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Emphasis supplied.) *Strickland v. Washington*, supra at 694 (III) (B). Thus, Houston was not actually prejudiced by the waiver of the "independent crimes" issue on appeal unless an objection to the evidence of the Florida robbery would have been meritorious, resulting in the grant of a new trial. See *Milliken v. Stewart*, 276 Ga. 712 (583 SE2d 30) (2003).

A trial court's admission of "similar crimes" evidence will not be reversed on appeal unless that ruling was clearly erroneous. *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001). Houston's only contention is that this Court has recognized that such evidence "is highly and inherently prejudicial. . . ." *Williams v. State*, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991). Notwithstanding its prejudicial nature, however, evidence of the defendant's commission of an independent offense is admissible in a criminal trial if " 'there is some logical connection between the two [crimes], from which it can be said that proof of the one tends to establish the other. . . . [Cit.]' " *Williams v. State*, supra at 641 (2) (a).

The prosecution offered proof of the Florida robbery as relevant to Houston's bent of mind, motive, scheme and modus operandi. *Malcolm v. State*, 263 Ga. 369, 370 (2) (434 SE2d 479) (1993). That crime was not identical to those he allegedly committed in Thomas County. *Houston v. State*, supra at 301. However, in determining the admissibility of "other crimes" evidence, the proper focus is on the similarities between the prior and instant offenses, and not on their differences. *Farley v. State*, 265 Ga. 622, 624 (2) (458 SE2d 643) (1995). The trial court conducted a pre-trial hearing to determine whether the Florida robbery was admissible. *Williams v. State*, supra at 642 (2) (b). Having decided that it was, the trial court gave an extensive jury instruction as to its limited relevancy. *Malcolm v. State*, supra at 370 (2). Although it did not address the issue directly, the Court of Appeals recognized that the "similar transaction evidence showed that Houston committed another robbery in a similar manner." *Houston v. State*, supra at 304 (3) (b). Under these circumstances, the trial court's admission of the Florida robbery was not clearly erroneous.

See *Oliver v. State*, 276 Ga. 665, 667 (3) (581 SE2d 538) (2003).

On our review of a claim of ineffective assistance of counsel, we independently apply the applicable legal principles to the facts. *Wright v. State*, 276 Ga. 419, 421 (5) (577 SE2d 782) (2003). Here, the habeas court relied on an erroneous legal standard for determining prejudice. When the proper standard is applied to the undisputed facts, there is no reasonable probability that, had defense counsel objected and the "similar crime" issue been addressed on appeal, the trial court's ruling would have been reversed and a new trial ordered. Compare *Stanford v. Stewart*, 274 Ga. 468, 469 (1) (554 SE2d 480) (2001). "Therefore, [Houston's] ineffective assistance of counsel claim must fail since he has shown no prejudice." *Lajara v. State*, supra at 441 (3).

2. As the result of our holding in Division 1, we do not need to determine whether the habeas court correctly held that Houston made a sufficient showing that his attorney's failure to object to the evidence was an act of deficient performance. " 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed. . . .' [Cit.]" *Lajara v. State*, supra at 440 (3).

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003 —
RECONSIDERATION DENIED DECEMBER 12, 2003.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellant.

Freddie Houston, *pro se.*