#### S04A1517. TURPIN v. CURTIS.
(606 SE2d 244)

CARLEY, Justice.

A jury found Barabbas Curtis, who testified in his own defense, guilty of three counts of possession of cocaine with intent to distribute. The trial court entered judgments of conviction, and the Court of Appeals affirmed in an unreported decision. *Curtis v. State*, 228 Ga. App. XXVII (1997). Curtis subsequently filed a petition for writ of habeas corpus. The habeas court granted relief based on Curtis' testimony that his trial attorney failed to advise him of his constitutional right not to testify at trial. The habeas court concluded as follows:

> While [P]etitioner presented no evidence that the outcome of his trial would have been different had he been so informed of his right not to testify, the lack of proper advice in this case is so ineffective that "a particularized inquiry into prejudice would be unguided speculation." *Ross v. Kemp*, 260 Ga. 312, 315 [(393 SE2d 244)] (1990). The Court finds that [P]etitioner was denied effective assistance of counsel in this regard.

The Warden appeals pursuant to OCGA § 9-14-52 (c).

1. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his trial attorney's performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Walker v. Houston*, 277 Ga. 470 (1) (588 SE2d 715) (2003). "In reviewing the habeas court's order, this Court is not required to address the two elements in any particular order 'or even to address both components if the defendant has made an insufficient showing on one.' [Cit.]" *Walker v. Houston*, supra. We must affirm the habeas court's determination of this claim unless "its 'factual findings are clearly erroneous or are legally insufficient to show ineffective assistance of counsel. (Cit.)' [Cit.]" *Walker v. Houston*, supra.

In evaluating the prejudice component of a claim of ineffective assistance, we apply a presumption of its existence "in only a narrow range of circumstances. . . ." *State v. Heath*, 277 Ga. 337 (588 SE2d 738) (2003). See also *Owens v. State*, 269 Ga. 887, 888 (2) (a) (506 SE2d 860) (1998) ("The circumstances under which a court will presume prejudice are extremely limited."). After *Strickland*, we have identified only three instances in which the defendant would be authorized to rely upon a presumption to meet his burden of establishing prejudice: "(1) an actual or constructive denial of counsel, (2) government interference with defense counsel, and (3) counsel [who] labors under an actual conflict of interest that adversely affects his performance. [Cit.]" *State v. Heath*, supra at 338. Only the first of these circumstances could possibly be applicable here. However, there was no actual denial of counsel, and a constructive denial is not present unless " 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.' . . . [Cit.]" *State v. Heath*, supra (following *United States v. Cronic*, 466 U. S. 648, 659 (104 SC 2039, 80 LE2d 657) (1984)). The "attorney's failure must be complete" and must occur throughout the proceeding and not merely at specific points. *Bell v. Cone*, 535 U. S. 685, 697 (II) (122 SC 1843, 152 LE2d 914) (2002).

*Ross v. Kemp*, supra at 315, met this strenuous test, even though it was decided long before *Bell* and relied on an Eleventh Circuit decision which preceded both *Strickland* and *Cronic*. *Ross* was a particularly egregious case in which this Court presumed prejudice based on the presentation of mutually exclusive defenses by two attorneys and the placement of the defendant on the stand with no preparation whatsoever. *Owens v. State*, supra at 888 (2) (a), fn. 4. See also *Cochran v. State*, 262 Ga. 106, 108 (2) (b) (414 SE2d 211) (1992) ("total failure of trial preparation"); *Ross v. State*, 231 Ga. App. 793, 800 (13) (499 SE2d 642) (1998) (same); *Watkins v. State*, 206 Ga. App.

575 (2) (426 SE2d 26) (1992) (same); *Hand v. State*, 205 Ga. App. 467, 470 (2) (422 SE2d 316) (1992) (same).

However, Georgia appellate courts have consistently required that, where a defendant alleges that counsel rendered ineffective assistance by preventing him from testifying, he must show that this action actually prejudiced his defense such that, had he testified, there is a reasonable probability that the result of the proceeding would have been different. *Chambers v. State*, 266 Ga. 39, 42 (3), fn. 8 (463 SE2d 887) (1995); *Perkins v. State*, 260 Ga. 292, 294 (2) (b) (392 SE2d 872) (1990); *Rogers v. State*, 265 Ga. App. 628, 631 (2) (595 SE2d 326) (2004); *Kinney v. State*, 234 Ga. App. 733, 738 (7) (d) (506 SE2d 441) (1998). Georgia law in this regard is consistent with the over-whelming weight of federal and state authority. *Ouber v. Guarino*, 293 F3d 19, 32-33 (III) (B) (1st Cir. 2002); *United States v. Tavares*, 100 F3d 995, 998 (II) (D.C. Cir. 1996); *State v. Bey*, 736 A2d 469, 489 (III) (A) (N.J. 1999); *State v. Robinson*, 982 P2d 590, 599 (III) (B) (Wash. 1999) (En Banc); *State v. Arguelles*, 921 P2d 439, 442 (Utah 1996); *State v. Flynn*, 527 NW2d 343, 351-352 (5) (B) (Wis. Ct. App. 1994); 3 LaFave, Israel & King, Criminal Procedure, § 11.6 (c), p. 612 (2d ed. 1999). Appellate courts also have required a showing of actual, rather than presumed, prejudice in the less common situation where, as here, the defendant alleges that his trial attorney did not advise him of his right to remain silent at trial. *Sexton v. French*, 163 F3d 874, 883 (III) (4th Cir. 1998); *Brown v. State*, 533 SE2d 308, 310 (B) (S.C. 2000). A contrary holding would be an improper expansion of the extremely narrow circumstances in which a presumption of prejudice is appropriate, especially since, in many cases, the defendant's testimony has a positive influence or no impact on the result of his trial. See *State v. Robinson*, supra; *United States v. Tavares*, supra.

Therefore, "the habeas court relied on an erroneous legal standard for determining prejudice." *Walker v. Houston*, supra at 472 (1). Curtis was required to show at least what his trial testimony actually was, just as a defendant who alleges that counsel prevented him from testifying must "show what his testimony would have been." *Kinney v. State*, supra at 738 (7) (d). The trial transcript is not in the record and, as the habeas court correctly found, Curtis "presented no evidence that the outcome of his trial would have been different had he been . . . informed of his right not to testify." Therefore, on the record before the habeas court, it is "impossible to determine if the outcome of the trial was affected. [Cit.]" *Kinney v. State*, supra. Thus, a remand to consider the prejudice prong of *Strickland* is unnecessary and inappropriate. Compare *State v. Heath*, supra at 339. The record contains no evidence to support the prejudice component, so Curtis' ineffective assistance claim must fail as a matter of law. *Walker v. Houston*, supra.

2. Because there was no showing of any prejudice, we need not determine whether Curtis otherwise made a sufficient showing that his attorney failed to advise him of his right not to testify and that such failure constituted an act of deficient performance. *Walker v. Houston*, supra at 472 (2).

*Judgment reversed. All the Justices concur, except Benham, J., not participating.*

DECIDED NOVEMBER 22, 2004.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*Page A. Pate*, for appellee.