## S06A1417. SANDERS v. THE STATE.
(635 SE2d 772)

CARLEY, Justice.

A jury found Eddie Lamar Sanders guilty of voluntary manslaughter, which was a lesser included offense in a malice murder count; three alternative counts of felony murder; and three separate counts which charged the underlying felonies of arson in the first degree, aggravated battery, and aggravated assault with an object which resulted in serious bodily injury. The jury also returned a verdict of not guilty as to aggravated assault with intent to murder. The trial court treated the voluntary manslaughter verdict as surplusage, entered judgment on all three felony murder counts, merged the underlying felony counts, and sentenced Sanders as a recidivist to life imprisonment without parole. The trial court granted Sanders an out-of-time appeal and subsequently denied a motion for new trial.*

1. Construed most strongly in support of the verdicts, the evidence shows that Sanders and his girlfriend, Ann Strickland, attended a party, returned home, and had an argument. In the second of three statements which he gave to police, Sanders admitted that, after Ms. Strickland went to bed, he poured gasoline on the bed and on her, and lit a cigarette lighter. In the other two statements and at trial, Sanders asserted that Ms. Strickland was the one who poured gasoline on him and produced the cigarette lighter, and that he was struggling with her over the gasoline can and the lighter when the flames erupted. The victim died as a result of burn injuries and smoke inhalation. Although Sanders himself was burned, he left the house, returned to the scene of the party, stated that he was scared and had been playing with gas, asked for a ride to a relative's house, and only later sought treatment for his burns and was hospitalized.

The evidence clearly was sufficient for a rational trier of fact to find Sanders guilty beyond a reasonable doubt of the three felony murder counts. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lowe v. State*, 276 Ga. 538, 539 (1) (579 SE2d 728) (2003); *Alexander v. State*, 263 Ga. 474, 475 (1) (435 SE2d 187) (1993); *Johnson v. State*, 246 Ga. App. 109, 111 (2) (539 SE2d 605) (2000). However, the jurors were authorized not only to accept that portion of

---

* The crimes occurred on October 25, 2003, and the grand jury returned its indictment on April 9, 2004. The jury found Sanders guilty on October 28, 2004 and, on the same day, the trial court entered the judgments of conviction and imposed the life sentence without parole. Sanders filed a motion for new trial on February 1, 2006, and the trial court granted him an out-of-time appeal on February 2, 2006. See *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003). The motion for new trial was amended on March 1, 2006 and denied on March 13, 2006. Sanders filed a notice of appeal on April 12, 2006. The case was docketed in this Court on April 27, 2006 and submitted for decision on June 19, 2006.

Sanders' second statement wherein he admitted the intentional and unjustified act of pouring gasoline and lighting it, but also to accept his testimony that the victim initially poured gasoline on him and produced a lighter. See *Adams v. State,* 274 Ga. 854, 855 (3) (561 SE2d 101) (2002); *Brown v. State,* 236 Ga. App. 166, 169-170 (4) (511 SE2d 276) (1999). This is true even though Sanders' own statements were the only eyewitness accounts presented at trial. See *Daniel v. State,* 224 Ga. App. 673, 674 (1) (482 SE2d 409) (1997). From Sanders' testimony, the jury could find "a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . . ." OCGA § 16-5-2 (a). " '[I]t is generally a question for the jury to determine whether . . . the slayer acted from passion,' [cit.] rather than with malice." *Brinson v. State,* 276 Ga. 671, 672 (1) (581 SE2d 548) (2003). Accordingly, when the evidence is construed most strongly in support of the verdict, it is sufficient to permit a rational trier of fact to find Sanders guilty of voluntary manslaughter beyond a reasonable doubt because, although he intentionally poured gasoline on the victim and set her on fire, he did so only after he was provoked by the victim's act of pouring gasoline on him and producing a lighter. *Jackson v. Virginia,* supra; *Darden v. State,* 271 Ga. 449, 450 (1) (519 SE2d 921) (1999); *Sinkfield v. State,* 262 Ga. 555, 556 (2) (422 SE2d 851) (1992).

Where, as here, the evidence would support a conviction for either felony murder or voluntary manslaughter, and the jury finds the defendant guilty of each offense, the modified merger rule of *Edge v. State,* 261 Ga. 865 (414 SE2d 463) (1992) applies if the underlying felony is directed against the homicide victim and is not independent, but rather is an integral part, of the killing. *Smith v. State,* 272 Ga. 874, 879-880 (6) (a) (536 SE2d 514) (2000); *Foster v. State,* 264 Ga. 369-370 (1) (444 SE2d 296) (1994). Under that rule, the defendant cannot be convicted and sentenced for felony murder, because the voluntary manslaughter verdict indicates that the underlying felony is mitigated by provocation and passion. *Smith v. State,* supra at 879 (6) (a). The modified merger rule cannot be waived by a defendant's failure to raise it in the trial court or to enumerate it as error, because a conviction which should have been merged into another as a matter of fact or law is void. *Curtis v. State,* 275 Ga. 576 (1) (571 SE2d 376) (2002). The contrary procedural holding in the following cases is hereby overruled: *Dennard v. State,* 263 Ga. 453, 454 (3) (435 SE2d 26) (1993); *Cruz-Padillo v. State,* 262 Ga. 629, 630 (2) (422 SE2d 849) (1992); *Wilson v. State,* 262 Ga. 588, 590 (2) (a) (422 SE2d 536) (1992); *Carter v. State,* 261 Ga. 740, 741 (3) (410 SE2d 102) (1991).

In this case, because the same act resulted in commission of all three of the underlying felonies and caused the victim's death, and the same evidence used to prove those felonies was also used to prove

voluntary manslaughter, each underlying felony is integral to the killing and, indeed, can be merged into the voluntary manslaughter. See *Fulton v. State*, 278 Ga. 58, 60 (2) (597 SE2d 396) (2004); *Funderburk v. State*, 276 Ga. 554, fn. 1 (580 SE2d 234) (2003); *Fitzpatrick v. State*, 268 Ga. 423, 424 (1) (489 SE2d 840) (1997). Therefore, the felony murder convictions must be reversed, and the case remanded for the trial court to sentence Sanders for voluntary manslaughter. *Mitchell v. State*, 266 Ga. 197, 204 (3) (467 SE2d 503) (1996); *Lindsey v. State*, 262 Ga. 665, 666 (1) (424 SE2d 616) (1993); *Sinkfield v. State*, supra at 556 (1). See also *Darden v. State*, supra at 452 (4); *Edge v. State*, supra at 868.

2. Sanders contends that the trial court erred in admitting his second statement, because his confinement at the hospital and administration of pain medication rendered that statement involuntary. At a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), two detectives and one nurse testified that Sanders' pain was well under control and that he was not groggy, was aware of his surroundings, and could engage in meaningful conversation. Although Sanders was not in formal custody, he was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), acknowledged that he understood them, and waived them.

> "The fact that a defendant is in pain or taking pain medication does not, in and of itself, render any statement made involuntary. (Cits.) Nor does the circumstance of a defendant being hospitalized and undergoing treatment require such a finding." [Cit.]

*Myers v. State*, 275 Ga. 709, 713 (3) (572 SE2d 606) (2002).

Furthermore, the audiotaped second statement is not inadmissible simply because the police stopped the recorder for 11 minutes between Sanders' first and second statements. Defense counsel was able to explore what happened during that time through Sanders' own testimony and through cross-examination of the detective who remained with him. See *Ward v. State*, 279 Ga. 581, 584 (2) (619 SE2d 638) (2005); *Johnson v. State*, 271 Ga. 375, 378 (4) (519 SE2d 221) (1999). That detective also testified that, contrary to Sanders' further contention, he did not tell Sanders that he might face the death penalty. Sanders himself testified that he did not make his second statement to avoid the death penalty. *Martin v. State*, 271 Ga. 301, 304-306 (2) (518 SE2d 898) (1999).

The trial court's findings as to the voluntariness of Sanders' second statement were not clearly erroneous. *Ward v. State*, supra at 583 (2); *Myers v. State*, supra; *Martin v. State*, supra.

3. Sanders also contends that trial counsel rendered ineffective assistance because she was held in contempt for arriving late during the course of trial.

> To prevail on this claim, he must show that the attorney's performance was deficient and that, but for the deficient performance, there is a reasonable probability the trial would have ended differently. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). . . . On appeal, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. (Cits.)" [Cit.]

*Morris v. State*, 280 Ga. 179, 180 (3) (626 SE2d 123) (2006). The jury was not present during the contempt proceeding. When the jurors returned, the trial court apologized for the delay in the trial, explained that it was not related to the issues in the case, and did not attribute any blame to Sanders or his lawyer. At the hearing on the motion for new trial, trial counsel testified that being held in contempt made her nervous, but she did not identify any other adverse impact on her representation, and she admitted that she was able to cross-examine State's witnesses. Even if she was not at her best after the contempt proceeding, "that does not mean counsel's performance fell to a level of ineffectiveness." *Ramsay v. State*, 220 Ga. App. 618, 620 (1) (469 SE2d 814) (1996). "[T]he trial court was authorized to conclude that there was no prejudice to defendant." *Ramsay v. State*, supra. Accordingly, Sanders' claim of ineffective assistance of counsel must fail, and we do not need to consider the performance prong of the *Strickland* test. *Walker v. Houston*, 277 Ga. 470, 471-472 (1), (2) (588 SE2d 715) (2003).

*Judgments reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Daniel D. Morgan*, for appellant.

*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.