## S07A0242. CULMER v. THE STATE.
(647 SE2d 30)

BENHAM, Justice.

Gervaise Culmer appeals from his convictions of malice murder and theft by taking arising from the death of Patrice Peart.[1] Culmer and Peart met in 1994 and began a relationship described by witnesses as turbulent. They eventually worked together in Atlanta where co-workers observed the deterioration of the relationship. Culmer was heard to threaten Peart's life and was eventually dismissed from his job because of his attitude toward Peart and changes in his behavior at work. Phone records introduced at trial established Culmer called Peart from her apartment in the afternoon of the last day Peart was seen alive, June 7, 2001. She left work around 5:00 p.m. with plans to meet a friend an hour later, but did not appear. Culmer called Wanda Michaux from Peart's apartment just before 6:00 p.m. and spent the night at her home. Peart's body was found on June 11, and testimony established she died of blunt force trauma to her neck, probably the result of strangulation. Culmer's DNA was in a semen sample taken from Peart's body. Peart's purse was found in the apartment, but its contents were missing. A search of Michaux's home yielded a partially burned check belonging to Peart discovered in the fireplace. Other items belonging to Peart were found in Culmer's home along with a drawing of a person making choking motions. Culmer's defense was that Peart was killed by another man, James Johnson, with whom Peart had a relationship and who had found out she was still seeing Culmer.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Culmer guilty beyond a reasonable doubt of murder and theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Culmer asserts the trial court erred in admitting hearsay testimony of a witness who testified about prior difficulties between

---

[1] Patrice Peart was last seen alive on June 7, 2001, and her body was discovered on June 11, 2001. Culmer was indicted by a Fulton County grand jury on July 24 of that year for malice murder, felony murder (two counts, with aggravated assault and aggravated assault with intent to rape underlying), aggravated assault, aggravated assault with intent to rape, rape, and theft by taking. A trial spanning March 11-22, 2002, concluded with a jury verdict of guilty of malice murder, felony murder (aggravated assault), aggravated assault, and theft by taking. The trial court sentenced Culmer to life imprisonment for murder and a 12-month concurrent sentence for theft by taking. The felony murder conviction was vacated by operation of law upon sentencing for malice murder and the aggravated assault conviction merged into the malice murder conviction. Culmer's motion for new trial filed on April 9, 2002, and amended on June 24, 2005, was denied on April 13, 2006. Pursuant to a timely notice of appeal filed May 8, 2006, the appeal was docketed in this Court on October 17, 2006, and was submitted for decision on the briefs.

Culmer and Peart. Over the hearsay objection of trial counsel, the trial court admitted the testimony under the necessity exception to the hearsay rule.

> In order for hearsay to be admitted under the necessity exception, two requirements must be satisfied: "necessity" and "particularized guarantees of trustworthiness." [Cits.] "Necessity" is demonstrated when the declarant is deceased, when the statement is shown to be relevant to a material fact, and when the statement is more probative of the material fact than other evidence that may be produced and offered. [Cit.] The requirement of "particularized guarantees of trustworthiness" is satisfied when the declaration is coupled with "circumstances which attribute verity to [the declaration]." [Cit.] The determination of trustworthiness is "inescapably subjective" and the trial court's determination of the issue will not be disturbed absent an abuse of discretion. [Cit.]

*Watson v. State*, 278 Ga. 763, 765 (2) (a) (604 SE2d 804) (2004). Culmer does not argue the "necessity" element, asserting instead that the testimony of the prior difficulty witness failed to establish the "particularized guarantees of trustworthiness" element of admissibility under the necessity exception. Whether a trial court has abused its discretion in finding the presence of particularized guarantees of trustworthiness is determined by consideration of the totality of the circumstances surrounding the making of the statements sought to be introduced. *Chapel v. State*, 270 Ga. 151 (4) (510 SE2d 802) (1998). The witness in question testified that she and Peart were roommates for a while and were teammates on their college track team. They became close enough in the course of their friendship to share the intimate details of their lives and relationships. The witness testified she observed Peart and Culmer arguing on the track and that she observed bruises on Peart, discussed with her their origin, and was told Culmer had inflicted them. Considering the totality of the circumstances, the trial court did not abuse its discretion in permitting the testimony under the necessity exception. *Turner v. State*, 281 Ga. 647 (3) (a) (641 SE2d 527) (2007) (consistent statements to close friends in whom victim confided both at work and as confidants outside of work carried particularized guarantees of trustworthiness); *McPherson v. State*, 274 Ga. 444 (10) (553 SE2d 569) (2001) (circumstantial guaranty of trustworthiness shown by testimony that witnesses were close friends in whom victim routinely confided with respect to personal life).

3. Culmer asserted on motion for new trial and asserts on appeal that he was denied the effective assistance of counsel.

To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. [Cits.]

*Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002).

Culmer maintains trial counsel was ineffective by failing to understand and make proper use of telephone records introduced at trial. Telephone records played an important role in Culmer's prosecution. The State used records of calls to and from Peart's home and Culmer's cell phone records to establish Culmer's presence in Peart's home at the time Peart was alleged to have been killed, supporting its theory that Culmer entered Peart's apartment and waited there to kill her when she arrived home. On motion for new trial and on appeal, Culmer has focused on a one-minute telephone call from James Johnson to Peart's home made at 10:39 p.m. on the evening of the last day Peart was seen alive, a time at which, under the State's theory of the case, Peart was already dead. Culmer contends that if trial counsel had properly investigated that call, which phone records showed to have been answered, the State's case would have unraveled because the records showed Peart was still alive long after Culmer departed. Our review of the trial transcript does not support that position. Much of Culmer's argument regarding the phone records is based on testimony presented at the hearing on Culmer's motion for new trial by the custodian of the phone records. That testimony, which explained that the one-minute phone calls shown on the records were calls that were answered by automated voice mail, did not explain certain anomalies in the phone records, of which the 10:39 p.m. call was one. As to that call, when the witness was asked whether the record showed the call was answered either by a person or an answering machine, the witness temporized, saying, "As far as we can tell," and "As far as I can tell," and "Not the call that he was asking me on." Other anomalies in the phone record included several calls for which the voice mail system was activated prior to the time the record showed the call being placed and several calls that were shown not to be answered at all even though testimony established that all calls to Peart's number should have been forwarded to voice mail if not answered by a person or an answering machine. In addition, there was direct evidence, in the form of Johnson's testimony that he never spoke to Peart again after a phone conversation

at 4:19 p.m. on the day she died, that the 10:39 p.m. call placed by Johnson from his home was not answered by Peart. Thus, the circumstantial evidence on which Culmer relies showed no more than one of a number of unexplained anomalies in the telephone records and was countered by direct evidence to the contrary. That being so, we conclude trial counsel's failure to place greater emphasis on that 10:39 p.m. call does not raise a reasonable probability that, but for counsel's alleged error, the outcome of the trial would have been different. Therefore, pretermitting the question of deficient performance (*Walker v. Houston*, 277 Ga. 470 (1) (588 SE2d 715) (2003) (appellate court not required to address both components if showing on one insufficient)), Culmer has not established the prejudice prong of a claim of ineffective assistance of counsel with regard to the telephone records.

Culmer also asserts trial counsel was ineffective in failing to object to the admission of hearsay. Most of the hearsay testimony regarding which Culmer contends trial counsel was ineffective was the recounting by a number of witnesses of statements made by Peart regarding difficulties in her relationship with Culmer. The State contends that because the testimony was admissible under the necessity exception to the hearsay rule, any failure of trial counsel to object would not be ineffective assistance of counsel. See *Sims v. State*, 281 Ga. 541 (2) (640 SE2d 260) (2007) (failure to object to admissible evidence not ineffective assistance of counsel). We turn, therefore, to the question of whether the hearsay in the prior difficulty testimony was admissible. Reviewing the testimony of the eight prior difficulty witnesses as to whose testimony Culmer asserts trial counsel should have interposed an objection, we observe that seven of them testified to relationships with Peart arising from school or work in which Peart confided to them intimate details of her relationship with Culmer, that the testimony was consistent in relating Peart's complaints about her problems with Culmer, and that several of the witnesses were in a position to observe interactions between Peart and Culmer. Those factors are the sort of particularized guarantees of trustworthiness required for application of the necessity exception. *Turner v. State*, supra, 281 Ga. 647 (3) (a) (witnesses testified consistently regarding the types of statements made by victim); *Watson v. State*, supra, 278 Ga. 763, 765 (2) (a) (hearsay testimony by close, personal friends of unavailable declarant admissible under necessity exception); *McPherson v. State*, supra, 274 Ga. 444 (10) (circumstantial guaranty of trustworthiness shown by testimony witnesses were close friends in whom victim routinely confided with respect to

personal life). Considering the totality of the circumstances surrounding the making of the statements (*Chapel v. State*, supra), we conclude that the testimony of seven of the eight prior difficulty witnesses was admissible under the necessity exception. Since the evidence was admissible, failure to object to its admission did not constitute ineffective assistance of counsel. *Sims v. State*, supra.

The eighth prior difficulty witness was Peart's supervisor at work. Her testimony did not establish the sort of relationship that would provide the necessary guarantees of trustworthiness, so the analysis above would not apply to her testimony. However, the statements the supervisor attributed to Peart concerned matters Peart had confided to other witnesses: Culmer's intrusion into her desk at work, his use of her computer and reading of her emails, and a phone call he made to Peart's mother about her behavior with other men. Because that testimony concerning Peart's complaints that Culmer was trying to interfere with her life was cumulative of properly admitted testimony of other witnesses, any error in its admission was harmless. *Lynch v. State*, 280 Ga. 887 (2) (635 SE2d 140) (2006). That being so, trial counsel's failure to object to the testimony did not affect the outcome of the trial (*Hunter v. State*, 281 Ga. 693 (7) (642 SE2d 668) (2007)) and does not meet the prejudice prong of an ineffective assistance of counsel claim. *Walker v. Houston*, supra.

Although James Johnson was not a prior difficulty witness, Culmer cites Johnson's testimony as an instance of trial counsel's failure to object to hearsay. However, Johnson's testimony did not recount statements made by Peart, but statements made by him and Culmer in an incident in which Culmer came to Johnson's workplace to discuss with Johnson the relationship Peart had with Culmer. Johnson's testimony regarding his part of that conversation is what Culmer finds objectionable, but that testimony was not hearsay because "a witness' testimony as to what he (the witness) said is not hearsay. [Cit.]" *Webb v. State*, 154 Ga. App. 395, 397 (2) (268 SE2d 438) (1980).

Culmer's final assertion of ineffectiveness concerns trial counsel's failure to request the trial court to instruct the jury on prior difficulty testimony prior to the testimony of each prior difficulty witness. The record shows the trial court instructed the jury on that issue, despite the lack of a request for a contemporaneous instruction, before the testimony of the first and last prior difficulty witnesses and before the testimony of all but three of the other prior difficulty witnesses, in addition to instructing the jury on that subject in the general charge at the end of trial. We held in *Smith v. State*, 270 Ga. 68 (3) (508 SE2d 145) (1998), that failing to request a limiting instruction until the close of evidence did not constitute ineffective

assistance of counsel. In light of that holding and the instructions given in this case, we conclude that trial counsel's failure to ensure a charge on prior difficulty testimony be given before each prior difficulty witness did not create a reasonable probability that, but for counsel's failure, the outcome would have been different. That being so, Culmer's claim of ineffective assistance of counsel on that issue must fail. *Walker v. Houston*, supra.

4. Finally, Culmer contends the trial court erred in refusing to give Culmer's requested charge on the included offense of voluntary manslaughter. Although his own testimony that he was not present at all when Peart was killed would not support the requested instruction, he asserts that the evidence supporting the State's theory of the case, that Culmer entered Peart's home on the day of the murder, discovered from her emails that she was involved with another man, and killed her for it, provided the evidence of provocation which demanded the giving of an instruction on voluntary manslaughter.

> A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . .

OCGA § 16-5-2 (a). While adulterous conduct can be the provocation sufficient to warrant a conviction for manslaughter (*Strickland v. State*, 257 Ga. 230 (2) (357 SE2d 85) (1987)), and such conduct can supply the required provocation even if the defendant and the victim are not married (*Goforth v. State*, 271 Ga. 700 (1) (523 SE2d 868) (1999)), the evidence adduced by the State did not show Culmer had learned of such conduct immediately prior to the killing or that the victim recounted it to Culmer at the time of her killing so that the provocation might cause a *sudden* passion. See *Hatchett v. State*, 259 Ga. 857 (1) (388 SE2d 694) (1990). Thus, since the State's evidence did not show a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person, and since Culmer's evidence that he was not present when Peart was killed did not show a killing arising from such passion, the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2007 —
RECONSIDERATION DENIED JULY 26, 2007.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Stephany J. Luttrell, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.