BLACKWELL, Justice,
concurring.
The Court concludes that the error in failing to charge the jury on voluntary manslaughter as a lesser included offense does not require that appellant be retried for the felony murder based on burglary. That conclusion is consistent with Edge v. State, 261 Ga. 865 (414 SE2d 463) (1992), and its progeny, which generally limit the consideration of voluntary manslaughter as a lesser offense included in felony murder to cases in which the felony murder is predicated on a felonious assault or battery that is directed against the homicide victim and that forms an integral part of the killing itself. See Grimes v. State, 293 Ga. 559, 561 (2) (748 SE2d 441) (2013). See also Sanders v. State, 281 Ga. 36, 37-38 (1) (635 SE2d 772) (2006); Sims v. State, 265 Ga. 35, 36 (3) (453 SE2d 33) (1995). Because that conclusion is consistent with our existing precedents, I concur fully in the judgment and opinion of the Court. I write separately, however, to note my growing discomfort with our decisional law in this area.
The law of voluntary manslaughter reflects an understanding that even a reasonable person might — with sufficiently serious provocation — be seized by a sudden, violent, and irresistible passion that impels him to do violence to another, and when such violence leads to a death, the killing is wrongful, but it is not as culpable as an *599 intentional killing in the absence of such provocation and passion. See OCGA § 16-5-2 (a). Considering the rationale for voluntary manslaughter, the limitation of Edge and its progeny strikes me as quite sensible in cases in which the accused already was engaged in the commission of the underlying felony prior to any provocation and resulting passion. See, e.g., Amos v. State, 297 Ga. 892, 894 (2), n.2 (778 SE2d 203) (2015). In those cases, the criminal intent associated with the underlying felony — the intent that substitutes for the malice ordinarily required for a murder — preexisted the provocation and passion, and it is, therefore, in no way mitigated by the provocation and passion. Likewise, the limitation of Edge and its progeny seems sensible in cases in which the underlying felony has nothing to do with the sort of provoked and impassioned violence with which the law of voluntary manslaughter is concerned — felony murder predicated on rape, armed robbery, or trafficking in cocaine, for instance.
I have more difficulty, however, with cases in which the underlying felony is not itself in the nature of a felonious assault or battery, but rather is a separate crime that is intended to facilitate the commission of the felonious assault or battery that forms an integral part of the killing. In a thoughtful concurrence, Justice Melton has offered one example of such a case:
For example, if a convicted felon who did not have a firearm was sufficiently provoked such that a killing qualified as voluntary manslaughter, and then that felon immediately grabbed a nearby gun and shot and killed the victim while still in the heat of passion, it is difficult to see how the possession of the firearm in that instance would be independent of the killing itself and not an integral part of the killing of the victim. Indeed, just as the aggravated assault in that instance would have been committed only as a result of sufficient provocation, the actual possession of the firearm used during the crime was only accomplished as a result of that same provocation as well. While the crime of possession of a firearm by a convicted felon, in and of itself, can be accomplished through the mere possession of a firearm by that felon regardless of his or her mental state, that does not change the fact that the murder committed with that firearm would still amount to only voluntary manslaughter if it were committed solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation. In this connection, where the possession of a firearm is accomplished through the very same irresistible passion that is tied to the aggravated assault... it seems to me, at the very *600 least, that the defendant should be entitled to a jury charge on voluntary manslaughter to potentially mitigate the specific offense of felony murder predicated on possession of a firearm by a convicted felon.
Wallace v. State, 294 Ga. 257, 262-263 (754 SE2d 5) (2013) (Melton, J., concurring) (citations, punctuation and emphasis omitted). But as Justice Melton noted, this Court has rejected the idea that voluntary manslaughter can be a lesser included offense of felony murder in those circumstances. See id. at 263 (citing Lawson v. State, 280 Ga. 881 (635 SE2d 134) (2006)).
This case poses the same sort of difficulties. Although burglary often has nothing to do with the sort of provoked and impassioned violence with which voluntary manslaughter is concerned, the burglary in this case was an unlawful entry into a residence for the purpose of committing aggravated assault. See OCGA § 16-7-1 (b). And there is some evidence that appellant may have known before he entered that his wife was sleeping inside the residence with her paramour, which, the Court concludes, could have been sufficient provocation for voluntary manslaughter. The Court holds that appellant was entitled to have the jury consider voluntary manslaughter as a lesser offense included in malice murder, as well as felony murder predicated on an aggravated assault. But Edge and its progeny reject the same consideration for felony murder predicated on a burglary in aid of an aggravated assault, and faithfully applying that precedent, so does the Court today. That result seems rather odd,[3] but it is what our existing precedents require, precedents that I am — for today, at least — content to follow.[4]
*601 Decided March 7, 2016.
Maryellen Simmons, John T. Overocker, for appellant.
Peter J. Skandalakis, District Attorney, Vincent J. Faucette, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew Min-soo Youn, Assistant Attorney General, for appellee.
I am authorized to state that Justice Melton joins this concurrence.

 As another example of this oddity, imagine a father walking peacefully through his neighborhood. He is headed for a baseball game, and he is carrying a baseball bat. He passes by a house, and as he does, a man calls out to him from the front porch. The man begins to harass the father, eventually telling the father that the man has been molesting the father’s young daughter for some time. The man then begins to taunt the father with vicious and graphic accounts of the molestation. The father is enraged by the taunts, he runs onto the front porch, and he beats the man to death. That killing, quite clearly, might amount only to voluntary manslaughter. But now suppose that, as the father runs onto the porch, the man retreats into the house, stepping just across the threshold. Now, if the father beats the man to death, the State can avoid any consideration of voluntary manslaughter simply by charging the father with murder in the commission of a burglary (the father having entered the home without authority and with the intent to commit aggravated assault therein). If anything is to be learned from today’s decision, it is the unfortunate lesson that a clever prosecuting attorney in many cases can simply plead around voluntary manslaughter.

 I note that appellant has not asked us to reconsider these precedents, and no party to this case has briefed the issues raised in this concurring opinion.