## S04A1589. BROWN v. THE STATE.
(607 SE2d 579)

HUNSTEIN, Justice.

Andrew Brown IV was found guilty of malice murder, felony murder based upon aggravated assault, aggravated sexual battery and arson in the beating death of his former girlfriend, Latashia Simmons. He appeals from the denial of his motion for new trial.[1]

The jury was authorized to find that Brown and the victim had a relationship that ended in February 1999. On September 25-26, 1999 between the hours of 5:00 p.m. and 2:30 a.m., Brown sexually assaulted the victim and brutally beat her with a hammer-like object. Before he left he set her on fire. A neighbor saw the smoke around 2:30 a.m. and called for assistance. Emergency personnel arrived to find the victim lying on her back on the living room floor with her underwear pulled down, her legs spread apart and flames coming out of her chest. She had been bludgeoned about the head at least 39 times and she had two contusions to the introitus of the vagina. There was no forceful entry into the home and investigators determined that an accelerant had been used to ignite the body. Investigating officers found blood spatters on the walls and carpet and bloody footprints were found in the kitchen. A crime laboratory analyst testified that the footprints in the kitchen were similar in tread design, pattern, size and wear to shoes recovered from Brown. Blood droplets on the top of Brown's shoes matched the victim's blood.

1. To sustain a conviction based on circumstantial evidence, the evidence must exclude all reasonable hypotheses other than the defendant's guilt. OCGA § 24-4-6; *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987). We conclude that there was sufficient evidence from which a rational trier of fact could have found Brown guilty beyond a reasonable doubt of malice murder, felony murder, aggravated assault, arson and aggravated sexual battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err by denying Brown's motion for new trial.

2. Jennifer Simmons, the victim's cousin, testified that the victim was distressed because Brown had been stalking her, had attacked her and also threatened to kill her one week before she was murdered. Brown contends that the trial court erred by admitting this testimony

---

[1] Brown was indicted by the Crisp County grand jury on February 14, 2000 for malice murder, felony murder based upon aggravated assault, rape, aggravated sexual battery and arson. He was tried by a jury on August 22-25, 2000, found guilty on all charges except rape, and sentenced to life imprisonment, a 20-year concurrent sentence for aggravated sexual battery and a consecutive 20-year sentence for arson. He filed a motion for new trial on September 25, 2000, which was amended on March 26, 2004. The trial court denied the motion on April 7, 2004. Brown filed a notice of appeal on May 5, 2004. The appeal was docketed in this Court on May 28, 2004 and submitted for decision on the briefs.

under the necessity exception to the rule against hearsay evidence. See *Myers v. State*, 275 Ga. 709, 712 (572 SE2d 606) (2002). To satisfy the necessity exception, the proponent must show a necessity for the evidence, a circumstantial guaranty of the statement's trustworthiness, see *McPherson v. State*, 274 Ga. 444, 450 (10) (553 SE2d 569) (2001), and that "the hearsay statements are more probative and revealing than other available evidence." *Tuff v. State*, 278 Ga. 91, 92-93 (2) (597 SE2d 328) (2004). The first requirement is satisfied because the declarant is deceased. Testimony that the cousin was "like a sister" to the victim and placed confidence in her established the particular guarantees of trustworthiness connected to the declarant's statements to satisfy the next requirement. *McPherson v. State*, supra. Finally, the hearsay statements by the victim's cousin were the most probative and revealing evidence regarding Brown's threats towards the victim and his assault upon her. *Tuff v. State*, supra, 278 Ga. at 93. We further note that the trial court gave proper limiting instructions regarding the jury's consideration of this evidence. *Wall v. State*, 269 Ga. 506, 509-510 (2) (500 SE2d 904) (1998).

3. Under the recent case of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004) (clarifying the Sixth Amendment Confrontation Clause requirements with respect to testimonial hearsay), the trial court erred in admitting the out-of-court statement the victim made to Sergeant Anderson, a City of Cordele police officer, who testified that the victim reported to him that Brown had assaulted her on February 24, 1999. However, the admission of the testimony was harmless as there is no reasonable probability that the evidence contributed to the verdict because the jury had before it evidence of Brown's guilty plea to the incident and the cousin's properly-admitted testimony about the attack. *Ross v. State*, 278 Ga. 429 (2) (603 SE2d 268) (2004); *Bell v. State*, 278 Ga. 69 (3) (597 SE2d 350) (2004); *Moody v. State*, 277 Ga. 676 (4) (594 SE2d 350) (2004).

4. Brown also challenges the trial court's decision to allow the introduction into evidence of a certified copy of the accusation charging him with simple battery of the victim and a certified copy of his guilty plea to that offense.

> "[E]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted." [Cit.]

*Mallory v. State*, 271 Ga. 150, 154 (7) (517 SE2d 780) (1999). The evidence complained of related to Brown's prior difficulties with the victim and was admissible as showing prior difficulties between them. *Givens v. State*, 273 Ga. 818 (4) (546 SE2d 509) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*John W. Sherrer, Jr.*, for appellant.

*Denise D. Fachini, District Attorney, Barbara A. Becraft, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.