## S07A1127. WITHERS v. THE STATE.

(653 SE2d 40)

HINES, Justice.

Virgil Withers appeals his convictions for felony murder and possession of a firearm during the commission of a crime in connection with the death of Demerio Coleman. For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that after sundown on the night of June 19, 1996, Elroy Flowers, his brother, Eugene Vasquez, and Flowers's friend Coleman, were working on an automobile in front of the house in which Flowers lived. Vasquez drove away, and Flowers went inside the home to put away a light he had been using. Coleman took a telephone from inside the house to the porch in front of the house. As Flowers was leaving an upstairs bedroom, he heard gunshots and immediately ran down the stairs; after the gunshots, Flowers heard a voice say, "yeah, yeah, Elroy," and recognized the voice as that of Withers. Flowers retrieved a pistol from a downstairs room, went onto the front porch where Coleman lay, and shot at a fleeing automobile. Flowers had been in school with Withers, was in class with him for three years, and heard his voice "every day." Coleman had received a fatal bullet wound in the neck. Nine bullet casings from a .22 caliber firearm were recovered at the crime scene.

When the shots were fired, Kenneth Porter, a security guard, ran toward the crime scene; the shooter took one shot at Porter, and got in the backseat of an automobile and fled. Porter could not identify the shooter, nor could other eyewitnesses.

Before shooting Coleman, Withers had several belligerent interactions with Flowers. Eighteen months earlier, Withers and Flowers were at the home of another person, and Withers allowed Flowers to inspect a pistol he had with him, and Flowers refused to return the

---

[1] Coleman was killed on June 19, 1996. On November 12, 1996, a Fulton County grand jury indicted Withers for malice murder, felony murder while in the commission of aggravated assault, the aggravated assault of Demerio Coleman, the aggravated assault of Kenneth Porter, and possession of a firearm during the commission of a crime. Withers was tried before a jury December 10-16, 1996, and found guilty of felony murder, the aggravated assault of Coleman, and possession of a firearm during the commission of a crime; he was found not guilty of malice murder and the aggravated assault of Kenneth Porter. On December 16, 1996, the trial court sentenced Withers to a term of life in prison for felony murder and a consecutive term of five years in prison for possession of a firearm during the commission of a crime; the aggravated assault of Coleman merged with the felony murder. See Malcolm v. State, 263 Ga. 369, 372-374 (4), (5) (434 SE2d 479) (1993). Withers moved for new trial on December 18, 1996, the motion was denied on September 2, 1997, and Withers filed his notice of appeal that same day. On October 7, 2005, Withers filed a pro se motion requesting a transcript be provided to him; he filed a similar pro se motion on June 7, 2006. His appeal was docketed in this Court on April 12, 2007, and submitted for decision on June 4, 2007. Withers is now represented by counsel.

pistol, fearing what Withers might do with it; Flowers repeatedly struck Withers with his fist, was not harmed himself, and left with the pistol in his possession. In March 1996, Flowers was driving a car which was stopped at a traffic light when a car in which Withers was a passenger arrived at the light. Withers said, "what's up now, what's up now?"; when the light turned green, the two cars began racing. Flowers tried to change lanes, his car bumped the other car, and the two cars went down different streets.

On April 27, 1996, while Flowers and his family were in front of his house, Withers drove up in a car in which other people were passengers, said "what's up, Elroy?.," got out of the car, and fired several shots at Flowers, who had begun running inside the house when Withers spoke. Also in April 1996, a witness overhead Withers tell someone that he "just got Elroy Flowers."

On June 30, 1996, a police officer stopped an automobile for a broken taillight; Withers was riding in the front passenger seat in the stopped car. Investigation revealed that the car was stolen, and police officers conducted a pat-down search of the occupants, which revealed .22 caliber bullets in Withers's pants pockets. When asked where the firearm for those bullets was, Withers stated that it was at home. However, a search of the car resulted in the recovery of a .22 caliber pistol from between the front passenger seat and the center console; an occupant of the car saw Withers place the pistol there when the car was first stopped by the police officer, and Withers admonished the other occupants of the car to be silent about his doing so. Withers was arrested for carrying a concealed weapon; he told the police officer that his name was Willie Withers, and gave a false date of birth. On the way to the police station, Withers stated that he had gotten the car from a drug dealer. The pistol retrieved from the car proved to be the one that fired the bullet that killed Coleman.

1. Withers contends that the evidence was insufficient to support the convictions. Particularly, Withers asserts that the only direct evidence of his guilt is Flowers's identification of his voice, and that there was an insufficient foundation for such evidence to be admitted. "[A]lthough voice identification testimony is generally considered to be direct evidence, Georgia courts have construed such testimony to be opinion evidence, which, of course, is inadmissible unless the witness discloses the basis for his opinion." (Citation and punctuation omitted.) *Brown v. State*, 278 Ga. 369, 371 (2) (602 SE2d 834) (2004). Flowers gave ample basis for his opinion that it was Withers's voice he heard when Coleman was killed, having heard him "every day" for three years, and having had focused interactions with him in the eighteen months prior to the fatal shooting.

Withers further urges that the evidence was also insufficient to satisfy the requirement of OCGA § 24-4-6, which reads: "To warrant

a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Even assuming that this Code section applies,

> questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. [Cit.]

*Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998). The evidence authorized the jury to find Withers guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Withers asserts that the trial court erroneously allowed the State to introduce evidence of prior difficulties between him and Flowers, advancing the theory that the incidents were not properly "similar transactions." Although it was Coleman who was the murder victim, the trial court instructed the jury on the law of transferred intent, and properly considered the prior difficulties between Flowers and Withers to be relevant. And, Withers simply misses the mark when he refers to the encounters between him and Flowers as "similar transactions."

> Unlike similar transactions, prior difficulties do not implicate independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus. Thus, the admissibility of evidence of prior difficulties does not depend upon a showing of similarity to the crime for which the accused is being tried. Evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

(Citations and punctuation omitted.) *Dixon v. State*, 275 Ga. 232, 232-233 (2) (564 SE2d 198) (2002). Evidence of the prior belligerent interactions between Withers and Flowers was clearly admissible as prior difficulties.

Further, the trial court ruled that, even considered as "similar transactions," the prior difficulties showed intent, motive, and course of conduct, and charged the jury that the use of the evidence was to be limited to "identity of the perpetrator, the state of mind, knowledge or intent of the defendant in the crimes charged in the case now on trial."[2] There was no error.

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 2007.

*Theodore Johnson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, David K. Getachew-Smith, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.

---

[2] Withers also contends that the evidence of Flowers racing a car in which Withers was a passenger should not have been admitted because it was not included in the State's notice under Uniform Superior Court Rule 31.3. Evidence of prior difficulties between the defendant and the victim does not fall under USCR 31.3. *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).