S07A1848. MILLER v. THE STATE.

(658 SE2d 765)

SEARS, Chief Justice.

In 2006, a Chatham County jury convicted Joseph G. Miller of malice murder and related offenses arising out of the shooting death of Lisa Sloan. Miller claims that his convictions must be reversed for three reasons: (1) the trial court erred in admitting out-of-court statements by Sloan under the necessity exception to the hearsay rule; (2) the trial court erred by giving the pattern jury instruction on prior difficulties evidence; and (3) Miller received ineffective assistance of counsel at trial. Miller also contends the trial court erred in sentencing him to life in prison without parole. The State concedes the trial court erred in sentencing Miller, and we agree. We find no merit in Miller's arguments seeking reversal of his convictions.

Accordingly, we affirm in part, vacate in part, and remand with direction to the trial court to impose a legally authorized sentence.[1]

1. Miller does not claim that the evidence in the record is legally insufficient to support his convictions. Nevertheless, a brief account of Miller's crimes may be helpful to put the issues raised on appeal into context. The evidence presented at trial would have enabled a rational trier of fact to find as follows.

Miller first met Sloan at a motel in Savannah known for prostitution and drug dealing sometime around 1999 or 2000. Miller, an admitted crack cocaine user, had gone to the motel, in his words, "to look for a woman." He encountered Sloan in a motel room where she had been smoking crack cocaine with one of her drug dealers. The drug dealer was refusing to let Sloan leave because Sloan owed her money. Miller paid off the dealer so Sloan could leave with him. After that first night at the motel, Miller and Sloan lost contact with each other for several years. Miller met Sloan again approximately three months after the death of Sloan's husband in January 2003. A couple months later, Sloan became one of Miller's "girlfriends," and the two continued seeing each other for the next two years. The relationship was an extremely abusive one, and Miller beat Sloan on numerous occasions, including one incident in which he assaulted her with a lead pipe.

On February 26, 2005, Timothy Stone dropped Sloan off at the motel where she was living. Stone was a friend of Sloan's who was interested in seeing her romantically. Sloan ascended the stairs to the second floor to get to her room. Miller was waiting for her and chased her across the balcony. Miller shot Sloan twice in the head and once in the hip, killing her. Miller then turned and began firing at witnesses in the parking lot. One of the shots struck Maggie Fae Griffin, a 75-year-old grandmother from Tennessee on her way to

---

[1] Miller committed his crimes on February 26, 2005. A Chatham County grand jury indicted Miller for malice murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony on May 11, 2005. At the conclusion of a two-day trial, a Chatham County jury convicted Miller of malice murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony on March 29, 2006. As instructed by the trial court, the jury, having found Miller guilty of malice murder, acquitted him of the two felony murder charges. On March 30, 2006, the trial court sentenced Miller under OCGA § 17-10-7 (c) to life in prison without the possibility of parole for malice murder, twenty years consecutive for aggravated assault, five years consecutive for possession of a firearm during the commission of a felony, and five years concurrent for possession of a firearm by a convicted felon. Miller filed a motion for new trial on April 5, 2006, and amended it on April 10, 2006, July 31, 2006, and August 8, 2006. The trial court denied the motion on June 7, 2007, and Miller filed a timely notice of appeal. The case was docketed in this Court on August 17, 2007, and submitted for decision on the briefs on October 8, 2007.

Disney World with her son, daughter-in-law, and three young grand-children. The bullet struck Griffin in the chest, but she survived.

Having reviewed the evidence in the light most favorable to the jury's verdict, we have no difficulty concluding that the evidence presented at trial was more than sufficient to enable a rational trier of fact to find Miller guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. The trial court did not err in admitting out-of-court statements by the victim under the necessity exception to the hearsay rule. For hearsay to be admitted under the necessity exception, the proponent must establish that the testimony is necessary, that there are par-ticularized guarantees of trustworthiness connected to the declarant's statements, and that the hearsay statements are more probative and revealing than other available evidence.[3] Whether testimony was accompanied by particularized guarantees of trustworthiness is a matter for the trial court's discretion, and its decision will be upheld on appeal absent an abuse of that discretion.[4] A trial court does not abuse its discretion when it admits under the necessity exception hearsay testimony consisting of uncontradicted statements made by an unavailable witness to individuals in whom the declarant placed great confidence and to whom the declarant turned for help with problems.[5]

At trial, admission of the victim's out-of-court statements was necessary, because she was deceased and therefore could not offer the testimony in person.[6] The trial court did not abuse its discretion in concluding the statements bore particularized guarantees of trust-worthiness, because the witnesses' testimony demonstrated that they were all individuals in whom the victim placed great confidence and to whom she turned for help in times of trouble, and their accounts were corroborated not only by the testimony of one another, but by independent evidence introduced at trial.[7] The victim's out-of-court statements recounted by these witnesses constituted some of the most probative and revealing evidence offered at trial regarding Miller's threats towards the victim and the highly abusive nature of

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 309 (99 SC 2781, 61 LE2d 560) (1979); *In re Winship*, 397 U. S. 358, 361-364 (90 SC 1068, 25 LE2d 368) (1970).

[3] *Tuff v. State*, 278 Ga. 91, 92-93 (597 SE2d 328) (2004); *Chapel v. State*, 270 Ga. 151, 154-156 (510 SE2d 802) (1998).

[4] *Tuff*, 278 Ga. at 93; *Dolensek v. State*, 274 Ga. 678, 680 (558 SE2d 713) (2002).

[5] *Tuff*, 278 Ga. at 93; *Ward v. State*, 271 Ga. 648, 650 (520 SE2d 205) (1999).

[6] See *Bryant v. State*, 282 Ga. 631, 638 (651 SE2d 718) (2007); *Brown v. State*, 278 Ga. 810, 811 (607 SE2d 579) (2005).

[7] See *Brown*, 278 Ga. at 811; *McPherson v. State*, 274 Ga. 444, 450-451 (553 SE2d 569) (2001).

his relationship with her.[8] Accordingly, the trial court did not err in admitting the victim's out-of-court statements under the necessity exception to the hearsay rule.[9]

3. Miller contends that the pattern jury instruction on prior difficulties evidence is unconstitutional because it includes the phrase "bent of mind and course of conduct." According to Miller, the giving of the pattern jury instruction with this language deprived him of his state and federal constitutional rights to due process and a properly instructed jury. However, as the State correctly notes, we have routinely upheld the introduction of prior difficulties evidence and use of the accompanying pattern jury instruction with the phrase "bent of mind and course of conduct."[10] The giving of the pattern jury instruction was proper under our precedents, and we decline Miller's invitation to revisit the settled law in this area.

4. Miller contends that he received ineffective assistance of counsel. In order to succeed on this claim, Miller must show that his counsel's performance was professionally deficient and that but for counsel's unprofessional conduct, there is a reasonable probability that the outcome of the proceedings would have been different.[11] Miller failed to make the requisite showing with respect to each of his numerous allegations of ineffective assistance of counsel.

(a) Miller claims his attorney provided ineffective assistance in failing to specially demur to the charges of possession of a firearm by a convicted felon and the felony murder based on it because the indictment did not specify the prior felony that provided the predicate for the bar on possessing a firearm. However, OCGA § 17-7-54 provides as follows:

Every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the

---

[8] See *Brown*, 278 Ga. at 811; *Tuff*, 278 Ga. at 93.

[9] Miller's claim that the trial court violated his Sixth Amendment right "to be confronted with the witnesses against him" is a red herring. U. S. Const. Amend. VI. The Confrontation Clause prohibits the introduction of only "*[t]estimonial* statements of witnesses absent from trial" unless "the declarant is unavailable, and . . . the defendant has had a prior opportunity to cross-examine [the witness]." *Whorton v. Bockting*, 549 U. S. 406, (127 SC 1173, 167 LE2d 1) (2007) (punctuation omitted; emphasis supplied) (quoting *Crawford v. Washington*, 541 U. S. 36, 59 (124 SC 1354, 158 LE2d 177) (2004)). See *Davis v. Washington*, 547 U. S. 813 (126 SC 2266, 165 LE2d 224) (2006) (holding that Confrontation Clause applies only to hearsay statements that are "testimonial" in nature). The out-of-court statements admitted by the trial court were not made to government agents and are not even arguably "testimonial" as that term is used in the United States Supreme Court's recent Confrontation Clause jurisprudence.

[10] See, e.g., *Ruffin v. State*, 283 Ga. 87, 89 & n. 2 (656 SE2d 140) (2008); *Lowery v. State*, 282 Ga. 68, 70-71 (646 SE2d 67) (2007); *Sedlak v. State*, 275 Ga. 746, 751 (571 SE2d 721) (2002); *Wall v. State*, 269 Ga. 506, 507-510 (500 SE2d 904) (1998).

[11] *Strickland v. Washington*, 466 U. S. 668, 688, 695 (104 SC 2052, 80 LE2d 674) (1984); *Hampton v. State*, 282 Ga. 490, 491 (651 SE2d 698) (2007).

nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct.

OCGA § 16-11-131 (b) states that "[a]ny person . . . who has been convicted of a felony . . . and who . . . possesses . . . any firearm commits a felony." Thus, it is irrelevant to a charge under OCGA § 16-11-131 (b) what felony formed the basis of the prior conviction, and specification of the underlying felony in the indictment is unnecessary. Accordingly, the decision by Miller's trial counsel not to specially demur on this ground did not constitute deficient performance, nor would doing so have altered the outcome of the proceeding.

(b) Miller claims counsel was professionally deficient in failing to request a modified version of the pattern jury instruction on prior difficulties evidence with the phrase "bent of mind and course of conduct" excised. As explained above, the giving of the pattern jury instruction including the phrase "bent of mind and course of conduct" did not violate Miller's constitutional rights, and he therefore had no right to insist on a modified instruction. Consequently, his counsel's failure to request it cannot constitute the deficient performance necessary to satisfy the first prong of the ineffective assistance of counsel test, nor can Miller show that the outcome of the proceeding would have been different had his attorney requested it.[12]

(c) Trial counsel may have provided deficient performance in failing to contend that, when the State offered evidence of Miller's prior convictions for impeachment purposes, the probative value of admitting the convictions did not "substantially outweigh its prejudicial effect" to Miller. See OCGA § 24-9-84.1 (a) (2).[13] We conclude, however, that Miller has failed to carry his burden to prove the prejudice prong of his ineffectiveness claim.

(d) We have examined Miller's remaining allegations of ineffective assistance of counsel and find them all to be without merit.[14]

---

[12] See *Nelson v. State*, 283 Ga. 119 (657 SE2d 201) (2008); *Mitchell v. State*, 282 Ga. 416, 420 (651 SE2d 49) (2007).

[13] OCGA § 24-9-84.1 (a) (2) provides that, if the defendant testifies, "[e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence *substantially outweighs* its prejudicial effect to the defendant." (Emphasis supplied.)

[14] These allegations are that trial counsel erred in failing to: (1) seek bifurcation of the possession of a firearm by a convicted felon and corresponding felony murder counts; (2) stipulate to Miller's status as a convicted felon; (3) impeach several witnesses for the prosecution, including minors, with allegedly inconsistent prior statements; (4) move to strike testimony not based on personal knowledge about an incident several days before the murder; (5) impeach a witness with a third felony conviction after impeaching his testimony with two other felony convictions; (6) move for a mistrial based on the phraseology of the prosecutor's

5. Miller is correct that the trial court erred in sentencing him to life imprisonment without parole for the malice murder conviction under OCGA § 17-10-7 (c). OCGA § 17-10-7 (c) states that on conviction of a fourth felony, a defendant must "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." However, OCGA § 17-10-7 (c) expressly excludes "capital felon[ies]" from its coverage, and malice murder is a capital felony. Thus, this Court, relying on the plain language of the statute enacted by the General Assembly, has repeatedly held that a sentence of life imprisonment without parole cannot be imposed for malice murder under OCGA § 17-10-7 (c).[15] Accordingly, Miller's sentence of life imprisonment without parole must be vacated and the case remanded to the trial court for the imposition of a legally authorized sentence.

*Judgment affirmed in part, vacated in part, and remanded with direction. All the Justices concur.*

DECIDED MARCH 17, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008.

*Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.

---

questions that allegedly suggested that current testimony was consistent with prior statements; and (7) object to a police captain's testimony about the defendant's aliases, a detective's testimony that "a lot of illegal activity goes on" at the hotels along Highway 17, and the reading of the portion of the pathologist's report that stated that the manner of the victim's death was "homicide."

[15] See, e.g., *Dempsey v. State*, 279 Ga. 546, 549 (615 SE2d 522) (2005); *Woodard v. State*, 278 Ga. 827, 828-829 (607 SE2d 592) (2005); *Funderburk v. State*, 276 Ga. 554, 555 (580 SE2d 234) (2003).