## S08A1773. JACKSON v. THE STATE.

(672 SE2d 640)

CARLEY, Justice.

A jury found Raevelle Jackson guilty of malice murder, two counts of felony murder, aggravated assault, theft by taking an automobile and possession of a firearm by a convicted felon. The felony murder verdicts stood vacated by operation of law, and the trial court merged the aggravated assault count into the malice murder. The trial court entered judgments of conviction on the remaining counts, sentenced Jackson to life imprisonment for the murder, and also imposed consecutive sentences of 20 years for theft of the motor vehicle and five years for the weapons offense. The trial court denied a motion for a new trial, and Jackson appeals.*

1. Construed most strongly to support the verdicts, the evidence shows that Jamil Payne was related to Jackson, and for several months he let Jackson live in the apartment that he shared with Chris Ollison. After Payne decided to tell Jackson that he could no longer stay in the apartment because he was not contributing to expenses, Jackson killed Payne by shooting him with a handgun twice in the back of the head. Jackson then stole various items from the apartment, including stereo equipment and clothing, and fled in Ollison's car. The next day, Jackson was stopped while driving the stolen car in Kentucky. Jackson, who was wearing the victim's clothes, gave the officer false names and social security numbers. After his arrest, he made statements to the officer about having not killed his cousin, even though the officer had not mentioned a cousin or any other relative as the murder victim. The murder weapon was later found hidden behind the refrigerator in the apartment, and several witnesses testified that they had seen Jackson with a similar

---

* The crimes occurred on March 7, 2003, and the grand jury returned an indictment on April 1, 2004. The jury found Jackson guilty on February 10, 2006, and that same day the trial court entered judgment. A motion for new trial was filed on March 9, 2006, amended on September 21, 2007, and denied on October 23, 2007. Jackson filed the notice of appeal on November 21, 2007. The case was docketed in this Court on July 9, 2008, and submitted for decision on the briefs.

gun. Jackson, who has prior felony convictions from Michigan, told both a cellmate and Ollison that he had killed Payne. The evidence was sufficient to authorize a rational trier of fact to find Jackson guilty beyond a reasonable doubt of all the charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jackson claims that the trial court erred in admitting statements made by the victim under the necessity exception to the hearsay rule. See OCGA § 24-3-1 (b).

> For hearsay to be admitted under the necessity exception, the proponent must establish that the testimony is necessary, that there are particularized guarantees of trustworthiness connected to the declarant's statements, and that the hearsay statements are more probative and revealing than other available evidence. [Cits.] Whether testimony was accompanied by particularized guarantees of trustworthiness is a matter for the trial court's discretion, and its decision will be upheld on appeal absent an abuse of that discretion. [Cits.] A trial court does not abuse its discretion when it admits under the necessity exception hearsay testimony consisting of uncontradicted statements made by an unavailable witness to individuals in whom the declarant placed great confidence and to whom the declarant turned for help with problems. [Cits.]

*Miller v. State*, 283 Ga. 412, 414 (2) (658 SE2d 765) (2008). Payne's out-of-court statements, which concerned his decision to tell Jackson that he could no longer live in the apartment because he was not contributing to expenses, were necessary because he was deceased. See *Bryant v. State*, 282 Ga. 631, 638 (6) (651 SE2d 718) (2007). Moreover, there are guarantees of trustworthiness since Payne made the statements to his father and brother, whom he was close to, confided in, and trusted. See *Brown v. State*, 278 Ga. 810, 811 (2) (607 SE2d 579) (2005). The statements showed the relationship between Payne and Jackson, and were also probative on the issues of motive and intent. See *Miller v. State*, supra at 414-415 (2); *Brinson v. State*, 276 Ga. 671, 673 (2) (581 SE2d 548) (2003). Accordingly, the trial court did not abuse its discretion in admitting the victim's statements under the necessity exception to the hearsay rule.

3. Jackson contends that the trial court erred in allowing Ursula Smith, Payne's girlfriend, to testify that on the morning of the killing she overheard several telephone calls during which Jackson asked Payne when he would return to his apartment. However, Jackson did not object to this testimony at trial, and therefore the issue is waived

and may not be raised for the first time on appeal. See *Furlow v. State*, 272 Ga. 795, 796 (2) (537 SE2d 61) (2000). Furthermore, even if the issue had not been waived, Jackson's contention that the testimony was inadmissible because he was not sufficiently identified as the caller is without merit. Ms. Smith testified that she knows Jackson and could hear his voice on the cell phone. The credibility of such testimony was a matter for the jury. See *Harrison v. State*, 283 Ga. 518, 520 (661 SE2d 536) (2008).

4. Jackson claims that the trial court should have sustained his demurrer to the charge of theft by taking an automobile on the ground that he previously was convicted in Kentucky for theft by receiving that automobile, and thus prosecuting him for the same theft in Georgia violates the constitutional protection against double jeopardy. However, it is well settled that under the dual sovereignty doctrine, "successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause." *Heath v. Alabama*, 474 U. S. 82, 88 (II) (106 SC 433, 88 LE2d 387) (1985). "When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.' [Cit.]" *Heath v. Alabama*, supra. Therefore, even if we assume, without deciding, that Jackson's theft by taking the automobile in Georgia constitutes the same conduct as his theft by receiving the automobile in Kentucky, Georgia may still prosecute Jackson for the theft committed here without violating the constitutional protection against double jeopardy.

Jackson's reliance on *Perkinson v. State*, 273 Ga. 491, 493-496 (1) (542 SE2d 92) (2001), is misplaced because that case did not involve two different states, but involved improper successive prosecutions for the same conduct in two Georgia counties, which are not separate sovereigns. Compare *Clark v. State*, 186 Ga. App. 106, 108 (3) (366 SE2d 361) (1988) (appellant faced possibility of successive prosecutions by two states for the same conduct). Moreover, the prosecution here is not barred by OCGA § 16-1-8 (c), which applies only when there has already been a prosecution in a federal district court for the same crime.

5. The trial court did not err in admitting statements made by Jackson after his arrest. Evidence presented at the hearing on the admissibility of the statements supports the trial court's findings that the officer stopped the car for traffic violations, that the officer discovered that Jackson had no license and that the car was stolen, that the officer arrested Jackson and twice informed him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and that Jackson signed a form waiving those rights. Because the trial court's factual findings are not clearly erroneous, and the evidence supports the conclusion that the statements were

made knowingly and voluntarily, we find no error. See *Hardin v. State*, 269 Ga. 1, 4-5 (2) (c) (494 SE2d 647) (1998).

6. Jackson argues that the trial court erred in failing to sever for trial counts three and six of the indictment. Count three accused Jackson of felony murder, with possession of a firearm by a convicted felon as the underlying offense, and count six charged him with possession of a firearm by a convicted felon. Jackson filed a motion to sever those two counts, arguing that evidence of his prior felony convictions would unfairly prejudice him at trial. However, in that same motion, he alternatively requested that he be allowed to stipulate to his status as a convicted felon, in exchange for the State being prevented from offering evidence of the names or nature of his prior offenses. At the pretrial hearing on the motion, Jackson did not pursue severance, and instead both he and the State agreed to the stipulation requested in the motion. The trial court accepted the stipulation, and the jury was subsequently informed of Jackson's status as a convicted felon, without hearing any evidence of the names or nature of his prior crimes.

First, we note that the trial court properly accepted Jackson's offer to stipulate to his prior convictions, and indeed might have erred had it refused such an offer. See *Ross v. State*, 279 Ga. 365, 368 (2) (614 SE2d 31) (2005). Moreover, it is axiomatic that "[a] party cannot submit to a ruling or acquiesce to it (or, as here, solicit it), then complain about the ruling on appeal. [Cit.]" *Boone v. State*, 229 Ga. App. 379, 381 (4) (494 SE2d 100) (1997). Because he expressly requested, and agreed to, the stipulation in lieu of severance, Jackson may not now complain of the lack of severance. Furthermore, even if Jackson had not acquiesced, he has failed to show any error because where, as here, possession of a firearm by a convicted felon is the felony supporting a charge of felony murder, it is material to the case and severance is not required. *Herring v. State*, 277 Ga. 317, 318 (2) (588 SE2d 711) (2003).

7. The trial court did not improperly instruct the jury that venue, in regard to the crime of theft by taking, could be established in some county other than DeKalb County. "Whenever this Court considers a claim of an erroneous jury instruction, we evaluate the jury charge as a whole. [Cit.]" *Napier v. State*, 276 Ga. 769, 772 (2) (583 SE2d 825) (2003). Here, the trial court first read the indictment to the jury, which plainly alleges that the theft occurred in DeKalb County. The court then charged the jury that the State has the burden to prove every allegation in the indictment beyond a reasonable doubt. The court further charged that criminal actions must be tried in the county where the crime was committed, and that "[v]enue — that is, that the crime was committed in DeKalb County — is a jurisdictional fact, which must be proved by the State . . . to a

moral certainty and beyond a reasonable doubt." In charging on the form of the verdict, the court again instructed the jury that in order to return a guilty verdict, it must find, among other things, that the offenses alleged in the indictment occurred in DeKalb County. The jury charge, taken as a whole, clearly and correctly instructed the jury that venue for the theft alleged in the indictment must be proved in DeKalb County, not elsewhere. See *Dunn v. State*, 289 Ga. App. 585, 587 (2) (657 SE2d 649) (2008); *Mullady v. State*, 270 Ga. App. 444, 448-449 (4) (606 SE2d 645) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 2009.

*Richard A. Hunt*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.