## S08A1577. MATTHEWS v. THE STATE.

(672 SE2d 633)

BENHAM, Justice.

Appellant Wayne Matthews appeals his convictions for malice murder and robbery by force arising from the death of the victim Jimmy Atkins.[1] Appellant and the victim were in a romantic relationship which the victim ended a few days prior to his murder. On the day of the murder, appellant and Ricardo Love went to the victim's house to recover appellant's personal items. Appellant entered the house while Love waited on the porch. After two hours passed, appellant called Love inside at which time Love saw appellant choking the victim. Appellant and Love bound the victim's wrists and ankles with duct tape that appellant had brought to the house. The victim's mouth and nose were also covered with duct tape. The two took items from the victim's house, including the victim's ATM card, and drove away in the victim's jeep. The victim was found dead by Atlanta police after his employer asked the victim's landlord to check on him. The cause of the victim's death was determined to be manual strangulation. At trial, surveillance video taken on the days following the victim's death showed appellant, at various Atlanta locations, attempting to use the victim's ATM card. There was also forensic evidence introduced at trial, including appellant's fingerprints on the driver's side of the victim's jeep, appellant's DNA under the victim's fingernails, and a bite mark from the victim on appellant's arm. The lead detective testified that, after his arrest and arraignment, appellant made an unsolicited comment that he was glad the victim was dead.

1. Appellant complains the evidence was insufficient because Ricardo Love's testimony as an accomplice was uncorroborated.

> [T]o sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defen-

---

[1] The victim's body was discovered on November 8, 2003. Appellant and Ricardo Love were indicted in the DeKalb County Superior Court during its March 2004 term. On November 7, 2005, a jury found appellant guilty of malice murder, three counts of felony murder, two counts of aggravated assault and one count of robbery by force. The trial court sentenced appellant to life in prison for malice murder and 15 years to run consecutively for robbery by force. All other counts merged and/or were vacated as a matter of law. Appellant filed a motion for new trial on December 6, 2005 and several amendments, the last of which was filed on March 28, 2008. The trial court heard the motion for new trial on March 28, 2008 and denied it on April 15, 2008. A week later, appellant filed a notice of appeal and the appeal was docketed in this Court on May 30, 2008. It was submitted for decision on the briefs.

dant with the crime, or lead to the inference that (he) is guilty. . . .

*Baines v. State*, 276 Ga. 117, 119 (1) (575 SE2d 495) (2003). See also OCGA § 24-4-8. The necessary corroborating evidence may be circumstantial and it may be slight. *Baines v. State*, 276 Ga. at 119; *Judkins v. State*, 282 Ga. 580 (1) (652 SE2d 537) (2007). The sufficiency of any corroborating evidence is for the trier of fact to decide. Id.

In this case, Love's testimony was corroborated by the other evidence in the case, including, but not limited to, the medical examiner's confirmation that the victim died by manual strangulation, the discovery of appellant's DNA under the victim's fingernails, the bite mark on appellant's arm, and the discovery of appellant's fingerprints on the victim's jeep. Accordingly, appellant's assertion that Love's testimony was uncorroborated is without merit. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and robbery by force. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Upon conducting a pre-trial hearing, the trial court allowed the State to admit evidence of prior difficulties between appellant and the victim. Because the victim was deceased, much of this evidence was introduced by hearsay under the necessity exception. See OCGA § 24-3-1 (b). Specifically, a confidant of the victim testified appellant had choked the victim and stolen his vehicle in 2001, two years prior to the victim's death. This 2001 incident was also corroborated by the testimony of a police officer who arrested appellant for driving the stolen vehicle. Additionally, two of the victim's confidants testified that two to three days before the victim's death, the victim told them he had ended his relationship with appellant and that appellant was angry about the break-up. Appellant contends the admission of this evidence was erroneous.

Prior difficulty evidence may be admitted to show motive, intent, or bent of mind, but its admissibility is not dependent on a showing that it is sufficiently similar to the crime. *Withers v. State*, 282 Ga. 656 (2) (653 SE2d 40) (2007). "The testimony of third parties about prior difficulties between the defendant and the victim may be admitted into evidence under the necessity exception to the hearsay rule if the testimony is necessary and trustworthy" (*Allen v. State*, 284 Ga. 310 (2) (667 SE2d 54) (2008)) and "when the statement is more probative of the material fact than other evidence that may be produced and offered." *Turner v. State*, 281 Ga. 647, 650 (3) (a) (641 SE2d 527) (2007). Whether the testimony has particularized guarantees of trustworthiness is a matter left to the trial court's

discretion and is not disturbed absent a showing of an abuse of that discretion. *Miller v. State*, 283 Ga. 412 (2) (658 SE2d 765) (2008); *Culmer v. State*, 282 Ga. 330 (2) (647 SE2d 30) (2007). In this case, the victim's confidants testified that appellant had choked the victim and stolen his car on a prior occasion and that, days before the murder, the victim told them that appellant was angry about the victim recently ending their relationship. The State proffered the evidence to show motive; however, appellant complains that the confidants' testimony was hearsay devoid of any particularized guarantees of trustworthiness. The circumstance of the confidants' relationship with the victim was sufficient to establish the level of particularized guarantees of trustworthiness for the necessity exception to apply because each confidant had known the victim for several years, had spoken with him on a regular basis, and had known about the victim's relationship with appellant, as well as other personal matters. *Turner v. State*, supra, 281 Ga. at 650 (consistent statements to close friends in whom the victim confided carried particularized guarantees of trustworthiness); *McPherson v. State*, 274 Ga. 444 (10) (553 SE2d 569) (2001) (circumstantial guarantee of trustworthiness shown by testimony that witnesses were close friends in whom the victim routinely confided with respect to personal life). Therefore, the trial court did not err in admitting this testimony concerning prior difficulty.

3. Appellant asserts it was error for the trial court to admit redacted letters he wrote to the victim from prison when he had been arrested for stealing the victim's car in 2001. Specifically, appellant alleges the letters were irrelevant and prejudicial insofar as they placed his character into issue by alerting the jury he had been incarcerated. We disagree. The letters were relevant because they established the relationship between appellant and the victim. "The admission of relevant evidence that is challenged on the basis that its probative value is outweighed by its prejudicial impact is within the sound discretion of the trial court." *Brooks v. State*, 281 Ga. 514, 517 (3) (640 SE2d 280) (2007). Appellant has failed to show that the trial court abused its discretion in this instance. The trial court reviewed all the letters, excluded some of the letters, and admitted redacted letters. There was other admissible evidence of appellant's incarceration, in particular testimony from the police officer who arrested him in 2001, and so there was no harm due to the redundancy of this fact. See *Wall v. State*, 269 Ga. 506 (4) (500 SE2d 904) (1998) (even if evidence was wrongly admitted, there was no harm because it was cumulative). Accordingly, there is no reversible error.

4. Appellant contends he was denied his right to effective assistance of counsel. To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). Appellant contends counsel was ineffective for failing to request the transcription of opening statements, voir dire, and closing arguments; failing to object on character grounds to the admission of the letters appellant wrote from prison; and failing to request a jury charge on a witness testifying pursuant to a plea deal. For the reasons below, we conclude that the trial court did not err when it denied appellant's ineffective assistance of counsel claims.

(a) At the motion for new trial hearing, counsel testified that she did not have the court reporter transcribe opening statements, voir dire, or closing argument because it was not customary and because those portions of the trial were not considered to be evidentiary. See OCGA § 17-8-5. Counsel noted there was nothing remarkable about voir dire or opening statements; however, she did make three objections during the State's closing argument and preserved the objections on the record, including moving for a mistrial. Two of the objections were sustained in favor of appellant with the trial court finding that counsel's objections were timely and effectively precluded any reference to prejudicial matters. The one objection that was not sustained concerned a charge on "parties to a crime"[2] and, on appeal, appellant does not complain about that charge or any remarks concerning that issue made by the prosecutor during closing argument.

"As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." *Wright v. State*, 274 Ga. 730, 732 (2) (b) (559 SE2d 437) (2002). Under these circumstances, counsel made a reasonable strategic decision and did not render ineffective assistance for declining to order a transcript of the entire trial, especially where counsel preserved the objections on the record, the trial court sustained the objections, and appellant avoided any prejudice. Id. (where nothing occurred during voir dire, opening or closing, appellant failed to sustain ineffective assistance of counsel claim for failure to transcribe those portions of the trial);

---

[2] "Whether a person is a party to a crime may be inferred from that person's presence, companionship, and conduct before, during and after the crime." *Marshall v. State*, 275 Ga. 740, 742 (4) (571 SE2d 761) (2002).

*Moody v. State*, 277 Ga. 676 (6) (c) (594 SE2d 350) (2004) (without showing of prejudice, counsel's failure to have transcribed opening statements and closing arguments did not constitute ineffective assistance of counsel). Consequently, the trial court did not err.

(b) The record reveals that counsel objected to the letters appellant sent the victim from prison based on grounds that they were irrelevant and more prejudicial than probative. On appeal, appellant contends his trial counsel should have objected on the ground that the admission of the letters brought his character into issue. This argument is unavailing. At the motion for new trial hearing, appellant's trial counsel and his appellate counsel agreed that the objection trial counsel made based on prejudice subsumed an objection based on character. Consequently, appellant did not show that trial counsel's performance was deficient. *Pruitt v. State*, supra, 282 Ga. at 34. Thus, the trial court was correct in declining to find trial counsel ineffective on this basis.

(c) At the motion for new trial hearing, trial counsel testified that she did not request a special jury charge on a witness testifying pursuant to a plea deal because she decided to rely on the general credibility charge for witness testimony. She also used cross-examination and closing argument to challenge Ricardo Love's credibility insofar as his plea deal was concerned. Specifically, during trial counsel's cross-examination, Love admitted that murder charges were dropped against him when he agreed to testify against appellant. Trial counsel also employed impeachment techniques to discredit Love by introducing many of his prior criminal offenses. Since reasonable trial strategy and tactics cannot support an ineffective assistance of counsel claim (*Wright v. State*, supra, 274 Ga. at 732), there was no error in the trial court's determination that appellant did not carry his burden of proving ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 2009.

*Robinson & Associates, Thomas S. Robinson III*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Robert E. Statham III, Daniel J. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.