#### S08A1825. WRIGHT v. THE STATE.
(673 SE2d 249)

BENHAM, Justice.

Appellant Christopher Wright appeals his conviction for malice murder, felony murder, and cruelty to children arising from the

---

death of his stepdaughter, five-year-old India Barrow.[1] At trial, it was shown that on the night of February 9, 2004, the mother left the victim and her infant half-brother in the care of appellant. Appellant made statements to police that he tried to feed the victim dinner, but she spit up her food and so he "popped" her twice. At trial, appellant further testified that after he "popped" the victim, he shook her and, while shaking her, her head hit the railing of her bunk bed. Appellant then put the child to bed. When the mother returned home, appellant dissuaded her from checking on the children, saying he would do it, and so she went to bed without looking in on the victim. The next morning, appellant went into the victim's room and started yelling her name. When the mother saw the child in appellant's arms, the victim was in a comatose state and so 911 was called.

On February 10, 2004, the victim was admitted to the hospital, comatose and in critical condition, suffering from massive head injuries and intra-cranial bleeding such that she was immediately placed on life-support. The victim died of her injuries on February 15, 2004. Hospital authorities concluded the victim's injuries were consistent with abuse.[2] Appellant now appeals his conviction, challenging the trial court's admission of certain evidence and alleging he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and cruelty to children. OCGA § 16-5-70 (b); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] From January 31, 2005 to February 4, 2005, appellant and the victim's mother Essie Wright were tried on charges related to the victim's death. On February 4, 2005, a Muscogee County jury acquitted Essie Wright of felony murder and two counts of cruelty to children and convicted appellant of malice murder, felony murder, and two counts of cruelty to children. Appellant was sentenced to life in prison for malice murder and twenty years to run concurrently for cruelty to children. Appellant's felony murder conviction was vacated by operation of law (*Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993)) and one of the cruelty to children convictions merged as a matter of fact into the malice murder conviction. OCGA § 16-1-7. Appellant filed a motion for new trial on March 1, 2005, and an amended motion for new trial on February 7, 2008. A hearing was held on April 14, 2008 and, on May 19, 2008, the trial court issued an order denying appellant's motion for new trial. Appellant filed his notice of appeal on May 20, 2008 and the appeal was docketed in this Court on July 16, 2008. The appeal was submitted for determination on the briefs.

[2] Medical experts surmised that appellant hit the victim's head against a stationary object, such that she was immediately rendered unconscious. The impact would have been much like someone in an auto accident or someone falling from a great height. Appellant then put the victim to bed, leaving her there until the next morning. During the night, her brain swelled and bled such that she was comatose. The authorities discovered vomit and urine in the bed which would be consistent for someone with a massive head and brain injury.

2. Appellant claims the trial court erred when it admitted evidence of a similar transaction concerning the victim's infant brother. The facts underlying this enumeration of error show that on July 4, 2003, the mother brought the victim into the emergency room because of injuries she sustained while in appellant's care. The victim had a black eye, cut lip, swelling on her face, and ruptured eardrums. Because the authorities suspected child abuse based on the nature of the victim's injuries, they also had the victim's infant brother brought to the hospital for observation. At trial, it was shown that the infant had also sustained a cut lip and black eye.

Appellant contends evidence of the infant's injuries was inadmissible. We disagree.

> Similar transaction evidence must satisfy three elements to be admitted: (1) the evidence must be introduced for a proper purpose; (2) the evidence must establish by a preponderance of the evidence that the defendant perpetrated the similar transaction; and (3) the two transactions must be sufficiently similar or connected so that the existence of the former transaction tends to prove the latter transaction.

*Jackson v. State*, 284 Ga. 484 (3) (668 SE2d 700) (2008). We will not disturb such findings unless they are shown to be clearly erroneous. Id. at 487. Here, the State properly proffered the evidence to show course of conduct. The evidence also met the second and third prongs of the test because it showed that the injuries occurred while the infant was in appellant's care, the injuries were on similar parts of the body as the victim's injuries, and the injuries occurred simultaneously to when the victim's injuries occurred. See *Glass v. State*, 257 Ga. App. 662 (b) (572 SE2d 31) (2002) (similar transaction evidence in aggravated assault case admissible where it involved same type of victim, similar inciting circumstances, and where injuries inflicted were in the same general areas of the body). Accordingly, the trial court did not err in admitting this evidence.

3. Appellant complains the trial court erred when it allowed, under the necessity exception, the admission of hearsay statements made by the victim for the purpose of showing prior difficulties between appellant and the victim. Prior difficulty evidence may be admitted to show motive, intent, or bent of mind, but its admissibility is not dependent on a showing that it is sufficiently similar to the crime. *Withers v. State*, 282 Ga. 656 (2) (653 SE2d 40) (2007). "The testimony of third parties about prior difficulties between the defendant and the victim may be admitted into evidence under the necessity exception to the hearsay rule if the testimony is necessary

and trustworthy" (*Allen v. State*, 284 Ga. 310 (2) (667 SE2d 54) (2008)) and "when the statement is more probative of the material fact than other evidence that may be produced and offered." *Turner v. State*, 281 Ga. 647, 650 (3) (a) (641 SE2d 527) (2007). Whether the testimony has particularized guarantees of trustworthiness is a matter left to the trial court's discretion and is not disturbed absent a showing of an abuse of that discretion. *Miller v. State*, 283 Ga. 412 (2) (658 SE2d 765) (2008); *Culmer v. State*, 282 Ga. 330 (2) (647 SE2d 30) (2007).

Appellant objects to three specific witnesses who testified regarding hearsay statements made by the victim. Each witness's testimony is addressed below.

(a) On July 20, 2002, a military police officer responded to a domestic disturbance call made by the victim's mother.[3] When the officer arrived, the victim had a bruise on her face and was holding an ice pack on it. The officer, who had been trained on interviewing children, testified that when she asked the victim what happened, the victim, who was three or four at the time, repeatedly said "Daddy did it." In its order denying appellant's motion for new trial, the trial court found that the child's words were non-testimonial because they were in response to the officer's question as to what happened.

The trial court erred in admitting this evidence because the victim's statements were testimonial and violated appellant's Sixth Amendment right to confrontation. *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004); *Brown v. State*, 278 Ga. 810 (3) (607 SE2d 579) (2005). As opposed to statements made in response to garnering police assistance during an ongoing emergency (such as statements elicited during a 911 call to determine the need for assistance), here the child's words were statements in response to a question by law enforcement after the emergency had already ended and were reflective of past events and, as such, were testimonial in nature. See *Davis v. Washington*, 547 U. S. 813, 822 (126 SC 2266, 165 LE2d 224) (2006); *Thomas v. State*, 284 Ga. 540 (2) (668 SE2d 711) (2008). Nevertheless, the admission of the victim's statements was harmless because there was no "reasonable probability that the evidence contributed to the verdict" since the jury had other admissible evidence of appellant's guilt, including appellant's testimony admitting he shook the victim such that her head hit the railing of her bunk bed and medical evidence showing the victim died due to severe head trauma. *Brown v. State*, supra, 278 Ga. at 811. See also *Bell v. State*, 278 Ga. 69 (3) (597 SE2d 350)

---

[3] Appellant was a sergeant in the military. During 2002 and 2003, the family lived on a military base in military housing.

(2004) (admission of victim's statements to police was harmless in light of the "strength of evidence" against defendant). Therefore, there was no reversible error.

(b) The victim's maternal grandmother, who provided childcare to the victim on a regular basis, testified that on the day before the child was fatally injured, the victim showed the grandmother scratches on her stomach and said appellant had hit her in the stomach. Appellant alleges the testimony is not trustworthy because the witness's daughter was a co-defendant at trial. This argument is not persuasive. The evidence revealed that the maternal grandmother took care of the child on a regular basis and was concerned for the child's welfare, even enlisting another adult's help to encourage the child to confide as to whether there were any problems at home. Under these circumstances, there were particular guarantees of trustworthiness to warrant the admission of the grandmother's testimony and the victim's statement. *Brown v. State*, supra, 278 Ga. at 810-811 (statements victim made to family member regarding prior difficulty with defendant were admissible under necessity exception); *Bell v. State*, supra, 278 Ga. at 72 (statements victim made to relatives were admissible under necessity exception to hearsay rule to establish prior difficulty). The trial court's decision to admit this evidence was not an abuse of discretion.

(c) The victim's biological father, who had not been allowed by the mother and appellant to see the victim in some time, testified that in the fall of 2003 he was allowed by the maternal grandmother to visit with the victim and, during the visit, the victim told him appellant had hit her in the stomach. The biological father stated he checked her stomach, but did not see any injury. Appellant argues that because the biological father had not legitimated the child or been in her life consistently, the victim's statements to the biological father did not have particularized guarantees of trustworthiness. Pretermitting whether the biological father's testimony should have been precluded, any error in allowing the testimony was harmless in light of the overwhelming evidence of appellant's guilt. See *Humphrey v. State*, 281 Ga. 596, 600 (642 SE2d 23) (2007).

Accordingly, there was no error warranting reversal of appellant's conviction based on the trial court's admission of the victim's statements under the necessity exception to the rule against the admission of hearsay.

4. Appellant contends his counsel was ineffective for failing to move to sever the trial and for failing to make certain objections. To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that
> the deficient performance prejudiced him to the point that a

> reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007).

(a) Appellant contends trial counsel rendered ineffective assistance of counsel when he failed to seek severance of appellant's trial from that of the co-defendant mother of the victim. Counsel's decision as to whether to move for severance is a matter of trial strategy. See *Callendar v. State*, 275 Ga. 115 (3) (a) (561 SE2d 113) (2002). Reasonable trial strategy cannot support a claim for ineffective assistance of counsel. Id. See also *Jackson v. State*, 281 Ga. 705 (6) (642 SE2d 656) (2007); *Harris v. State*, 279 Ga. 522 (6) (615 SE2d 532) (2005). Appellant contends, however, that had he been tried separately, the hearsay statements made by the mother, suggesting that appellant was alone with the victim and that he caused the victim's fatal injuries in 2004 and her injuries during prior difficulties, would not have been admissible against him. Appellant's argument is speculative and lacks merit. At the joint trial, appellant took the stand and testified that he alone was caring for the victim when she suffered her fatal injuries. After appellant testified, the mother testified in her own defense and appellant's counsel was able to cross-examine her regarding any of her hearsay statements. Under these circumstances, counsel was not deficient. See *Green v. State*, 274 Ga. 686 (2) (558 SE2d 707) (2002) (where the facts and law were substantially the same, where there was no evidence of any jury confusion, and no evidence was used against the other, and where defendant was allowed to cross-examine his co-defendants, defendant was not entitled to severance); *Adams v. State*, 271 Ga. 485 (2) (521 SE2d 575) (1999) (defendant not entitled to severance in regard to a co-defendant's pre-trial antagonistic statement because his testimony was consistent with the statement and, the co-defendant was subject to cross-examination during their joint trial). Therefore, the trial court did not err.

(b) Appellant asserts trial counsel deficiently performed because he failed to object to testimony by two military police officers who testified regarding their investigation of a prior difficulty in July 2002. Our review of the record reveals trial counsel had a continuing objection to all testimony and evidence concerning prior difficulties and he made a specific objection immediately prior to the agents' consecutive testimony. In addition, immediately prior to each agent taking the stand, the trial court, at the behest of defense counsel, gave the jury limiting instructions regarding their consideration of

prior difficulty evidence. Accordingly, trial counsel did not fail to object and, therefore, was not deficient in his performance. Likewise, because trial counsel made a standing objection to evidence concerning similar transactions, his failure to give a contemporaneous objection to the testimony of Dr. Robert Johnson concerning injuries to the victim's infant brother in July 2003 was not deficient. Therefore, the trial court did not err in finding appellant's ineffective assistance of counsel claims lacked merit.

5. The trial court, over the objection of defense counsel, allowed Dr. Robert Johnson to testify that, in his opinion, injuries which the victim suffered during a 2003 prior difficulty were caused by "child abuse." In its order denying appellant's motion for new trial, the trial court stated it erred in allowing the testimony. Nevertheless, the trial court found a new trial was unwarranted because Dr. Johnson's testimony did not concern the ultimate issue for which appellant was on trial, namely whether appellant caused the fatal injuries the victim sustained in February 2004. Appellant urges he is entitled to a new trial because of this purported error.

The trial court, however, was correct in denying appellant's motion for new trial because the trial court did not in fact err in allowing Dr. Johnson's testimony over objection. "A witness generally is not permitted to express his or her opinion regarding an ultimate issue in the case because to do so would invade the fact-finding province of the jury. . . ." *Medlock v. State*, 263 Ga. 246, 248 (3) (430 SE2d 754) (1993). The ultimate issue in this case was whether appellant caused the fatal injuries to the victim on February 9, 2004 in a manner contrary to the laws of Georgia. See *Collum v. State*, 281 Ga. 719 (3) (642 SE2d 640) (2007) (the ultimate issue was who had beaten the child). Because Dr. Johnson's opinion concerned a 2003 incident for which appellant was not on trial, Dr. Johnson was not testifying about the ultimate issue in this case, and, as such, there was no error in allowing his testimony. Id.; *Roberts v. State*, 282 Ga. 548 (8) (651 SE2d 689) (2007). Accordingly, appellant was not entitled to a new trial on this basis.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 2009.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Robert B. Bickerstaff, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.