295 Ga. 119
FINAL COPY

S14A0542. BELLAMY v. THE STATE.

MELTON, Justice.

In 1998, George Bellamy was convicted on one count of murder and two counts relating to possession of a firearm. With respect to the murder count, Bellamy was sentenced as a recidivist to life without the possibility of parole. His convictions were affirmed on appeal. Bellamy v. State, 272 Ga. 157 (527 SE2d 867) (2000). In 2013, Bellamy filed a motion to vacate his murder sentence, arguing that the sentence was void. See von Thomas v. State, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) (Although a "sentencing court generally has jurisdiction to modify or vacate . . . a sentence [of imprisonment] only for one year following the imposition of the sentence . . . a sentencing court has jurisdiction to vacate a void sentence *at any time*") (emphasis in original). The trial court denied the motion on October 23, 2013, prompting this appeal.[1] For the reasons that follow, we vacate Bellamy's sentence for murder and remand

_____

[1] We note that Bellamy has not asserted on appeal that his convictions relating to the possession of a firearm are somehow void.

this case to the trial court for resentencing on that count.

1. As the State properly concedes, although it did file a notice of its intent to seek recidivist sentencing pursuant to the version of OCGA § 17-10-7 (c) that was in effect at the time of Bellamy's sentencing, that version of the statute specifically excluded its provisions from applying to a capital felony such as malice murder. See OCGA § 17-10-7 (c) (2009). Because of this, under the circumstances presented here, the trial court was not legally authorized to impose a sentence of life without the possibility of parole, making Bellamy's sentence for malice murder void. See von Thomas, supra, 293 Ga. at 571 (2) ("[A] sentence is void if the court imposes punishment that the law does not allow.") (citation and punctuation omitted). Accordingly, we must vacate Bellamy's sentence for malice murder and remand this case for resentencing. See, e.g., Miller v. State, 283 Ga. 412 (5) (658 SE2d 765) (2008).

2. In light of our holding in Division 1, supra, we need not address Bellamy's additional arguments wherein he further attacks his malice murder sentence as void.[2]

---

[2] We also do not reach any argument that Bellamy attempts to raise to challenge his underlying convictions, because, "[i]n order to challenge a

2

Sentence vacated and case remanded for resentencing. All the Justices concur.

---

conviction after it ha[s] been affirmed on direct appeal, criminal defendants [are] required to file an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus. OCGA § 9-14-40." Harper v. State, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009). Bellamy has provided no basis for this Court to review his additional arguments.

3

Decided April 22, 2014.

Murder, etc. Muscogee Superior Court. Before Judge Rumer.

George Bellamy, pro se.

Julia Fessenden Slater, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.